United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50932
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARRY SCHREIBER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-95-CR-130-1-JN
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Harry Schreiber, federal prisoner # 40454-004, appeals the
district court's denial of his motion to reduce his sentence
imposed following his conviction for conspiracy to commit wire
fraud, five counts of wire fraud, and three counts of bankruptcy
fraud. Schreiber was sentenced to a term of imprisonment of 120
months to be followed by a three-year term of supervised release,
and was ordered to pay a fine of $80,000 and restitution in the
amount of $354,253. On direct appeal, the court vacated two

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of the wire fraud convictions and remanded the case for resentencing. The district court imposed the same sentence.

Schreiber argues that the district court erred in determining that he was precluded from seeking collateral relief based on a waiver contained in a sentencing agreement reached with the Government following his guilty plea and the remand for resentencing.

The court has not addressed the binding effect of a waiver contained in a posttrial sentencing agreement. However, it is unnecessary to determine the validity of the waiver because Schreiber's claims are without merit.

Schreiber argues that he is entitled to have his sentence reduced pursuant to Amendment 617 to the Sentencing Guidelines because that amendment merely clarified the applicable guideline. Because Amendment 617 is not listed as an amendment to be applied retroactively in U.S.S.G. § 1B1.10(c), Schreiber is not entitled to take advantage of the change whether it contained substantive changes or clarified the amendment. United States v. Drath, 89 F.3d 216, 217 (5th Cir. 1996).

Schreiber also argues that his offense level was improperly raised pursuant to U.S.S.G. § 2F1.1(b)(3) for a violation of a judicial order because orders of a bankruptcy court were not included order prior to the enactment of Amendment 597. He argues that Amendment 597 was improperly applied retroactively. This argument is not cognizable in a 18 U.S.C.

§ 3582(c)(2) motion.  The district court did not abuse its discretion in denying Schreiber's motion to reduce his sentence.

Schreiber argues that the district court erred in denying his FED. R. CIV. P. 60(b) motion based on untimeliness and on the merits.  The district court did not grant or deny Schreiber a certificate of appealability (COA) to appeal the denial of his FED. R. CIV. P. 60(b) motion.  Because he is seeking reconsideration of the merits of the denial of his 28 U.S.C. § 2255 motion, Schreiber should have obtained a COA ruling on the denial of his FED. R. CIV. P. 60(b) motion.  Cf. Dunn v. Cockrell, 302 F.3d 491, 492 & n.1 (5th Cir. 2002).

However, because this appeal also involved a review of the denial of the 18 U.S.C. § 3582 motion, Schreiber has had the benefit of a full appeal without obtaining an order granting COA. In the interest of judicial economy, the case will not be remanded to obtain a COA ruling by the district court.

Because Schreiber is challenging the validity of his underlying fraud convictions, his FED. R. CIV. P. 60(b) motion should have been construed as a successive 28 U.S.C. § 2255 motion.  See Fierro v. Johnson, 197 F.3d 147, 151 (5th Cir. 1999).  Prior to filing the successive motion, Schreiber was required to obtain authorization to file the successive motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255.  Because Schreiber failed to obtain such authorization, the district court did not err in denying the motion.

AFFIRMED.