United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10099
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                   Plaintiff-Appellee,

versus

MARCOS MENA-VALERINO; HARLES PORTES HERRERA,

                                   Defendants-Appellants.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-92-2-Y
---------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Marcos Mena-Valerino ("Mena") and Harles Portes Herrera
("Portes") appeal their convictions for possession and conspiracy
to possess with intent to distribute more than 1000 kilograms of
marijuana.  Mena and Portes argue that the Government failed to
prove that they conspired and possessed more than 1000 kilograms
of marijuana, as alleged in the indictment, because evidence at
trial showed that only 953 grams of marijuana had been tested.
They assert that they should not have been subjected to the 10-

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

year mandatory minimum sentence under 28 U.S.C. § 841(b)(1)(A), but rather sentenced under 28 U.S.C. § 841(b)(1)(D), which penalizes cases involving less than 50 kilograms of marijuana. They contend that their sentences violate Apprendi v. New Jersey, 530 U.S. 466 (2000), because their sentences exceed the five-year statutory maximum sentence set forth in 28 U.S.C. § 841(b)(1)(D).

"[I]f the government seeks enhanced penalties based on the amount of drugs under 21 U.S.C. § 841(b)(1)(A) or (B), the quantity must be stated in the indictment and submitted to a jury for a finding of proof beyond a reasonable doubt." See United States v. Doggett, 230 F.3d 160, 165 (5th Cir. 2000); see also Apprendi v. New Jersey, 530 U.S. at 490. Here, the quantity of marijuana was alleged in the indictment and submitted to the jury. Thus, there can be no Apprendi error. See Doggett, 230 F.3d at 165. Additionally, there was sufficient evidence presented at trial to prove that the amount of marijuana involved was more than 1000 kilograms. See United States v. Fitzgerald, 89 F.3d 218, 223 n.5 (5th Cir. 1996) ("Random sampling is generally accepted as a method of identifying the entire substance whose quantity has been measured").

Mena and Portes also argue that the district court abused its discretion in permitting a Government agent to testify to their post-arrest statements, which were translated by a Spanish interpreter. Citing to United States v. Nazemian, 948 F.2d 522 (9th Cir. 1991), they contend that the interpreter did not act as

a mere language conduit, but rather her translated statements created an additional level of hearsay.

The district court did not abuse its discretion in determining that the interpreter was a mere "language conduit." See United States v. Cordero, 18 F.3d 1248, 1253 (5th Cir. 1994) (quoting United States v. Lopez, 937 F.2d 716, 724 (2d Cir. 1991)); see also Nazemian, 948 F.2d at 527. The record reflects that Mena and Portes spoke and understood English. The reliability of the interpreter's translated statements is indicated by the failure of Mena and Portes to correct the translation. See Lopez, 937 F.2d at 724. Because the interpreter's translated statements do not constitute hearsay, see Cordero, 18 F.3d at 1253, the district court did not abuse its discretion in allowing the Government agent to testify to the translated statements at trial. See Lopez, 937 F.2d at 724; United States v. Mendoza-Medina, 346 F.3d 121, 127 (5th Cir. 2003), cert. denied, 124 S. Ct. 1161 (2004).

Mena argues that the district court erred in its calculation of drug quantity at sentencing. Although Mena filed objections to the presentence report, Mena has failed to provide this court with a transcript of his sentencing hearing. This court will not consider an issue about which the record on appeal is insufficient. See FED. R. APP. P. 10(b); United States v. Johnson, 87 F.3d 133, 136 n.1 (5th Cir. 1996). Furthermore, Mena's argument pursuant to Blakely v. Washington, 124 S. Ct.

2531 (2004), is foreclosed by this court's decision in <u>United States v. Pineiro</u>, 377 F.3d 464, 465-66 (5th Cir. 2004), <u>pet. for cert. filed</u> (July 14, 2004) (No. 04-5263) (<u>Blakely</u> does not extend to the federal Guidelines).

Accordingly, Mena's and Portes's convictions and sentences are AFFIRMED.