United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 28, 2005**

Charles R. Fulbruge III
Clerk

REVISED APRIL 28, 2005
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-30269

———————————

IN RE: GERALD W. ELWOOD,

                                        Movant.


--------------------

Motion for an order authorizing
the United States District Court for the Eastern
District of Louisiana to consider
a successive 28 U.S.C. § 2255 motion

--------------------

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM:

Gerald A. Elwood was convicted of conspiracy to possess cocaine with intent to distribute, murder and assault with a deadly weapon in aid of a racketeering enterprise, and two counts of using and carrying a firearm during a drug-trafficking offense.  This court affirmed his convictions.  See United States v. Tolliver, 61 F.3d 1189, 1196 (5th Cir. 1995), vacated and remanded on other grounds, 516 U.S. 1105 (1996) (remanded in light of Bailey v. United States, 516 U.S. 137 (1995)).

The district court granted a subsequent 28 U.S.C. § 2255 motion by Elwood in part, vacating the firearm convictions but denying Elwood's other claims.  In September 2000, and again in

September 2004, Elwood sought permission from this court to file successive § 2255 motions on various grounds. This court denied both motions.

Elwood now returns to this court seeking leave to file another § 2255 motion. In his latest request, Elwood contends that the sentence imposed by the district court is unconstitutional in light of United States v. Booker, 125 S. Ct. 738 (2005).

In Booker, a majority of the Supreme Court extended to the federal Sentencing Guidelines the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, --- U.S. ---, 124 S. Ct. 2531 (2004): pursuant to the Sixth Amendment, any fact, other than the fact of a prior conviction, "which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756. A different majority of the Court then excised certain statutory provisions that made the Guidelines mandatory, thereby rendering the Guidelines advisory only. Id. at 756-57. Elwood argues that, pursuant to Booker, the district court's application of the Guidelines in determining his sentence violated his Sixth Amendment rights.

Elwood's motion is governed by the Antiterrorism and Effective Death Penalty Act, which provides that a second or

successive § 2255 motion must be certified as provided in 28

U.S.C. § 2244 by a panel of the court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.  Under § 2244(b)(3), Elwood must make a prima

facie showing that his motion satisfies this standard.  See

Reyes-Requena v. United States, 243 F.3d 893, 897-98 (5th Cir.

2001) (holding that § 2244(b)(3) is incorporated into § 2255).

Under the analysis set forth in Tyler v. Cain, 533 U.S. 656, 663

(2001), Elwood has failed to make the requisite prima facie

showing that his claim relies on a new rule of constitutional law

"made retroactive to cases on collateral review by the Supreme

Court . . . ."  28 U.S.C. § 2255.

In Tyler, the Supreme Court held that, in the context of a

successive habeas petition, a "new rule is not 'made retroactive

to cases on collateral review' unless the Supreme Court holds it

to be retroactive."  Tyler, 533 U.S. at 663.  "The Supreme Court

is the only entity that can 'ma[k]e' a new rule retroactive.  The

new rule becomes retroactive, not by the decisions of the lower

court or by the combined action of the Supreme Court and the

lower courts, but simply by the action of the Supreme Court."

Id.

Under the Tyler analysis, it is clear that Booker has not been made retroactive to cases on collateral review by the Supreme Court. The Supreme Court did not so hold in Booker, nor has the Court done so in any case since Booker. The same is true with respect to Apprendi and Blakely. In fact, in Booker, the Court expressly held that both the Sixth Amendment holding and its remedial interpretation apply "to all cases on direct review." 125 S. Ct. at 769 (emphasis added). The Court could have, but did not, make any reference to cases on collateral review.

In addition, the Supreme Court has not rendered any decision or combination of decisions that, while not expressly making the rule of Apprendi, Blakely and Booker retroactive, "necessarily dictate[s] retroactivity" of that rule. Tyler, 533 U.S. at 666. To the contrary, the Supreme Court has strongly suggested that Apprendi and, by logical extension, Blakely and Booker do not apply retroactively on collateral review. See Schriro v. Summerlin, --- U.S. ---, 124 S. Ct. 2519, 2526 (2004)(holding that Ring v. Arizona, 536 U.S. 584 (2002), which extended application of Apprendi to facts increasing a defendant's sentence from life imprisonment to death, does not apply retroactively to cases on collateral review).

The standards for a successive § 2254 petition and a successive § 2255 motion based on a new constitutional rule are identical: the claims must rely on "a new rule of constitutional

law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2244(b)(2)(A), 2255. The Supreme Court has not made <u>Booker</u> retroactive to any cases on collateral review.[1]

Therefore, we join our sister circuits and hold that <u>Booker</u> does not apply retroactively on collateral review for purposes of a successive § 2255 motion. <u>See</u> <u>In re Olopade</u>, --- F.3d. ---, 2005 WL 820550 at *3 (3d Cir. April 11, 2005); <u>Bey v. United States</u>, 399 F.3d 1266, 1269 (10th Cir. 2005); <u>In re Anderson</u>, 396 F.3d 1336, 1339 (11th Cir. 2005); <u>McReynolds v. United States</u>, 397 F.3d 479, 481 (7th Cir. 2005); <u>Green v. United States</u>, 397 F.3d 101, 103 (2d Cir. 2005).

Accordingly, IT IS ORDERED that Elwood's motion for authorization to file a successive 28 U.S.C. § 2255 motion is DENIED.

---

[1] There is no reason to apply <u>Tyler</u> differently to successive § 2254 petitions and successive § 2255 motions. <u>See</u> <u>United States v. Orozco-Ramirez</u>, 211 F.3d 862, 864 n.4 (5th Cir. 2000) (this court interprets the requirements of § 2254 and § 2255 in pari materia when "the context does not indicate that would be improper," and we refer to cases interpreting § 2254 "as relevant to our analysis"); <u>In re Olopade</u>, --- F.3d. ---, 2005 WL 820550 at *3 n.3 (3d Cir. April 11, 2005) (applying <u>Tyler</u> to successive § 2254 petitions and § 2255 motions).