**Vernon Dow MOSLEY Petitioner,**

v.

**UNITED STATES of America Respondent.**

No. CIV. DR–04–CA–106.

United States District Court, W.D. Texas, Del Rio Division.

July 14, 2005.

Cynthia Hujar Orr, Goldstein, Goldstein & Hilley, San Antonio, TX, for Petitioner.

Robert Joseph Brady, Assistant United States Attorney, Del Rio, TX, for Respondent.

### AMENDED ORDER

LUDLUM, District Judge.

For administrative purposes only regarding docket entries, this Order AMENDS the Court's previous ruling. Pending before the Court is Vernon Dow Mosley's ("Petitioner") second motion, pursuant to FED. R. CIV. P. 60(b) ("Rule 60(b)"), for this Court to reconsider its previous ruling on his 28 U.S.C. § 2255 (" § 2255") motion to vacate, set aside or correct his sentence. This Court had previously denied his § 2255 motion (*See* Docket Entry # 888) and first Rule 60(b) motion (*See* Docket Entry # 896).

The Fifth Circuit has instructed that the Antiterrorism and Effective Death Penalty Act ("AEDPA") "provides that a second or successive § 2255 motion must be certified as provided in 28 U.S.C. § 2244 by a panel of the court of appeals ..." *In re Elwood,* 408 F.3d 211, 212 (5th Cir.2005) (per curiam). The motion must contain either:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.* (citing 28 U.S.C. § 2255).

In addressing Rule 60(b)'s application to habeas corpus cases, the Supreme Court recently proclaimed that:

[w]e hold that a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not

assert, or reassert, claims of error in the movant's state conviction. A motion that, like petitioner's, challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3).

*Gonzalez v. Crosby,* 545 U.S. ——, ——, 125 S.Ct. 2641, 2651, 162 L.Ed.2d 480 (2005). The Court, however, was clear to narrow the reach of its holding to 28 U.S.C. § 2254 cases:

> In this case we consider only the extent to which Rule 60(b) applies to habeas proceedings under 28 U.S.C. § 2254, which governs federal habeas relief for prisoners convicted in state court. Federal prisoners generally seek postconviction relief under § 2255, which contains its own provision governing second or successive applications. Although that portion of § 2255 is similar to, and refers to, the statutory subsection applicable to second or successive § 2254 petitions, it is not identical. Accordingly, we limit our consideration to § 2254 cases.

*Id.* at 2646 n. 3. Unlike the petitioner in *Gonzalez,* the Petitioner in the instant case used both of his Rule 60(b) motions to challenge the merits reached by this Court in denying his § 2255 motion and never challenged any failure—real or perceived—by this Court to actually reach and address his motion.

The Petitioner has based both of his Rule 60(b) motions for reconsideration on this Court's ruling that the Supreme Court's holding in *United States v. Booker,* 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), is not retroactive to cases on collateral review in a § 2255 motion. The Fifth Circuit, in an unpublished per curiam opinion, has explained that if a petitioner "is seeking reconsideration of the merits of

the denial of his 28 U.S.C. § 2255 motion ... [petitioner] should ... [obtain] a COA ruling on the denial of his FED. R. CIV. P. 60(b) motion." *United States v. Schreiber,* 90 Fed.Appx. 750, 752, 2004 WL 335188 (5th Cir.2004) (per curiam) (citation omitted). The Fifth Circuit has also opined that "[b]ecause [petitioner] is challenging the validity of his underlying ... conviction, his FED. R. CIV. P. 60(b) motion should have been construed as a successive 28 U.S.C. § 2255 motion. Prior to filing the successive motion, [petitioner] was required to obtain authorization to file the successive motion." *Id.,* at 751.

This Court finds that both of the Petitioner's Rule 60(b) motions were successive § 2255 motions that required precertification from the United States Court of Appeals for the Fifth Circuit because they challenged the merits of this Court's denial of the Petitioner's § 2255 motion. The Court reaches this conclusion after a careful reading of the Supreme Court's holding in *Gonzalez,* regarding Rule 60(b) and § 2254 cases, and the Fifth Circuit's interpretation, through an unpublished opinion in *Schreiber,* that Rule 60(b) motions that reach to the merits of a district court's denial of a § 2255 motion should be construed as successive § 2255 motions that require precertification from the appropriate appellate court.

It is hereby **ORDERED** that Petitioner's second Rule 60(b) motion is **DENIED** as a successive § 2255 motion that requires precertification from the Fifth Circuit. The Court further finds that it did not have jurisdiction, as required by § 2244, to rule on the Petitioner's first Rule 60(b) motion, (*see* Docket Entry # 896), and therefore that order is **VACATED.**