United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 22, 2005**

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
## for the Fifth Circuit

---

m 04-10099

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MARCOS MENA-VALERINO; HARLES PORTES HERRERA,

Defendants-Appellants.

---

Appeals from the United States District Court
for the Northern District of Texas
m 4:03-CR-92-2-Y

---

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before DAVIS, SMITH, and DENNIS,
Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has de-
(continued...)

This court affirmed the convictions and sen-
tences of Marcos Mena-Valerino and Harles

---

[*](...continued)
termined that this opinion should not be published
and is not precedent except under the limited cir-
cumstances set forth in 5TH CIR. R. 47.5.4.

Herrera. *United States v. Mena-Valerino*, 117 Fed. Appx. 335 (5th Cir. 2004) (per curiam). In regard to Herrera, the Supreme Court vacated and remanded for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). *Herrera v. United States*, 125 S. Ct. 1875 (2005). We requested and received supplemental letter briefs from the government and both defendants addressing the impact of *Booker*.

I.

Mena-Valerino did not file a petition for writ of certiorari. Accordingly, the order of the Supreme Court vacating and remanding in the wake of *Booker* is in regard only to Herrera's certiorari petition, Supreme Court No. 04-9113. *See United States v. Tippett*, 975 F.2d 713, 719 (10th Cir. 1992).

Mena-Valerino's counsel now files a motion for recall of the mandate and to supplement the record. In his supplemental letter brief, Mena-Valerino's attorney states that he advised his client "to file a petition for rehearing and a [certiorari petition, but] the client "did not pursue any of these remedies." Counsel now asks us to reopen the case to consider the impact of *Booker* and related cases.

We deny the motions. By its very terms, *Booker* "appl[ies] . . . to all cases on direct review." *Booker*, 125 S. Ct. at 769. *See also In re Elwood*, 408 F.3d 211 (5th Cir. 2005) (per curiam) (holding that "*Booker* does not apply retroactively on collateral review"). As the government notes in its supplemental letter, Fifth Circuit Rule 41.2 provides that "[o]nce issued a mandate shall not be recalled except to prevent injustice." We are justified in recalling a mandate "when a subsequent decision by the Supreme Court renders a previous appellate decision demonstrably wrong." *United States v. Tolliver*, 116 F.3d 120, 123

(5th Cir. 1997).

In his motion to recall the mandate, Mena-Valerino claims there is error under *Booker* because the district court, rather than a jury, made a finding regarding the quantity of drugs attributable to him. He did in fact make an objection in the district court based on *Blakely v. Washington*, 542 U.S. 296 (2004). He was sentenced to 180 months, which was in the middle of the guideline range that the district court calculated, and Mena-Valerino has provided no reason to believe that, if given the opportunity, the district court would calculate a sentence any differently under an advisory sentencing scheme. There is no just reason to recall the mandate.

II.

In his supplemental letter brief, Herrera acknowledges that he raised no Sixth Amendment objection in the district court, so our review is for plain error. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04-9517). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)). Moreover, Herrera did not articulate a true Sixth Amendment claim until he filed his certiorari petition.

We have recently held that "absent extraordinary circumstances, [we will not] consider an argument raised for the first time in a petition for [writ of] certiorari." *United States v. Taylor*, 409 F.3d 675, 676 (5th Cir. 2005) (per curiam). There is nothing extraordinary about Herrera's sentence, which is 160 months chosen from a guideline range of 151-188 months. There is no showing that the district court would have sentenced differently under an ad-

2

visory scheme. Even without the "extraordinary circumstances" requirement, the plain error test from *Mares* is not met.

### III.

In summary, as to Mena-Valerino, the motion to recall the mandate and the motion to supplement the record are DENIED. As to Herrera, the judgment of conviction is AFFIRMED for the reasons stated in our initial opinion. For the reasons set forth in this opinion on remand, the judgment of sentence is also AFFIRMED.