United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 26, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30823
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMON CAUSEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:94-CR-381-3
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Damon Causey, federal prisoner # 24328-034, appeals the
district court's dismissal with prejudice of his motion for a
reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2).  He
argues that Amendment 591 to the Federal Sentencing Guidelines,
coupled with principles set forth in Apprendi v. New Jersey, 530
U.S. 466 (2000), and Blakely v. Washington, 524 U.S. 296 (2004),
demonstrate that his sentence should be reduced.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Amendment 591 made no downward modification to the guideline under which Causey was sentenced in 1996. See Amendment 591, U.S. Sentencing Guidelines Manual, Supp. to Appendix C, p. 30 (2002); U.S.S.G. § 2H1.1 (1995); U.S.S.G. § 2A1.1 (1995). The district court therefore did not abuse its discretion when it determined that Amendment 591 provided no bases for modification of Causey's sentence pursuant to 18 U.S.C. § 3582(c). See United States v. Pardue, 36 F.3d 429, 430 (5th Cir. 1994).

Moreover, to the extent that Causey seeks to challenge his sentence based on Apprendi and Blakely by filing a successive 28 U.S.C. § 2255 motion, he has failed to make the requisite prima facie showing either that his claim is based on newly discovered evidence or that he relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. See 28 U.S.C. § 2255; In re Elwood, 408 F.3d 211, 212 (5th Cir. 2005). He therefore does not meet the standard for filing a successive 28 U.S.C. § 2255 motion. Elwood, 408 F.3d at 212. The district court also did not err when it declined to address Causey's Apprendi claims, because Causey did not have permission of this court to proceed on a successive 28 U.S.C. § 2255 motion in the district court. See 28 U.S.C. § 2255.

The judgment of the district court is therefore AFFIRMED.