United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 8, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))

No. 04-11221

)))))))))))))))))))))))))

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

KENESHA GENTRY,

                                        Defendant-Appellant,

---

Appeal from the United States District Court
for the Northern District of Texas

---

Before GARWOOD, CLEMENT, and PRADO, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

     The question presented in this case is whether United States v. Booker, 125 S. Ct. 738 (2005), applies retroactively on collateral review to a federal prisoner's initial 28 U.S.C. § 2255 motion. Because we determine that Booker does not apply retroactively on collateral review to an initial 28 U.S.C. § 2255 motion, we affirm the district court's denial of Gentry's § 2255 motion.

1

I.    Background

On December 9, 2003, a jury convicted Kenesha Gentry, federal prisoner #30395-177, of (1) possession with the intent to distribute 100 or more grams of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(b), and 18 U.S.C. § 2; and (2) possession with the intent to distribute a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c), and 18 U.S.C. § 2.  Pursuant to her conviction, on March 26, 2004, the district court sentenced Gentry to 97 months of imprisonment on each count, to run concurrently; a four-year term of supervised release on count one (heroin), and a concurrent two-year term of supervised release on count two (cocaine); and a $200 special assessment.  Gentry filed a direct appeal, which was dismissed by this Court on May 17, 2004, for want of prosecution.

Gentry then filed a motion in the district court under 28 U.S.C. § 2255.  Appellant argued that her sentence was unconstitutionally imposed in view of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). Additionally, Gentry initially requested that the district court hold her § 2255 motion in abeyance until the Supreme Court decided Booker, the then pending case in which the Court addressed whether Blakely applied to the United States Sentencing Guidelines.  The district court, however, summarily denied Gentry's § 2255 motion because her sentence did not exceed the statutory maximum, and thus did not violate Apprendi v. New Jersey, 530 U.S. 466 (2000).  The district court also ruled that

Gentry was not entitled to relief under Blakely based on this Court's decision in United States v. Pineiro, 377 F.3d 464 (5th Cir. 2004), vacated, 125 S. Ct. 1003 (2005).

Upon Appellant's timely filing of a notice of appeal, the district court determined that a certificate of appealability ("COA") should not be issued. This Court granted a COA on the issue of whether the district court erred in determining that Gentry's sentence was not unconstitutionally imposed, and requested additional briefing addressing the issue of whether Booker is retroactively applicable on collateral review to Gentry's § 2255 motion.

II. Discussion

We review conclusions of law underlying the denial of a § 2255 motion de novo and factual findings for clear error. United States v. Stricklin, 290 F.3d 748, 750 (5th Cir. 2002).

Gentry argues that her sentence was imposed in violation of Booker because the trial judge increased her sentence based on findings of fact made by the judge. Booker held that: 1.) "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt," 125 S. Ct. at 756; and 2.) the remedy was to make the Guidelines advisory, id. at 756-57. Additionally, the Booker Court expressly articulated

3

that these holdings were applicable to all cases pending on direct review. Booker, however, made no indication regarding retroactivity to collateral cases.

Generally speaking, federal habeas corpus petitioners may not rely on new rules of criminal procedure decided after their convictions have become final on direct appeal. Schriro v. Summerlin, 542 U.S. 348, 124 S. Ct. 2519, 2523 (2004). Nevertheless, in Teague v. Lane, 489 U.S. 288, 290 (1989), the Supreme Court set forth a three-prong analysis to determine whether a new constitutional rule of criminal procedure should be applied retroactively to cases on collateral review. First, the reviewing court must determine when the defendant's conviction became final. Beard v. Banks, 542 U.S. 406, 124 S. Ct. 2504, 2510 (2004). Next, the court must decide whether the rule in question is actually new. Id. Lastly, the court must determine whether the new rule falls into either of two exceptions to non-retroactivity. First, the non-retroactivity rule "does not apply to rules forbidding punishment 'of certain primary conduct [or to] rules prohibiting a certain category of punishment for a class of defendants because of their status or offense.'" Id. at 2513 (quoting Penry v. Lynaugh, 492 U.S. 302, 330 (1989)). "The second exception is for watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Id. at 2506. Because the Booker rule does not fall into either of the two Teague exceptions for non-retroactivity, we determine that Booker does not apply retroactively

4

on collateral review to a federal prisoner's initial 28 U.S.C. § 2255 motion.[1]  Therefore, we affirm the district court's denial of Gentry's § 2255 motion.

    A.    *Booker Established a Procedural Rule.*

Because the <u>Teague</u> analysis applies only to rules of procedure, we must first determine whether the rule established in <u>Booker</u> is substantive or procedural.  Generally, substantive rules "narrow the scope of a criminal statute by interpreting its terms" or "place particular conduct or persons covered by [a criminal] statute beyond the State's power to punish."  <u>Summerlin</u>, 124 S. Ct. at 2522.  In <u>Summerlin</u>, the Supreme Court addressed the question of whether a substantive rule was established by <u>Ring v. Arizona</u>, 536 U.S. 584 (2002), which held that "a sentencing judge, sitting without a jury, [may not] find an aggravating circumstance necessary for imposition of the death penalty."  The <u>Summerlin</u> Court asserted that because <u>Ring</u> did not "alter the range of conduct...subjected to the death penalty," but simply "altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment," the rule was a "prototypical procedural

---

[1]In <u>United States v. Brown</u>, 305 F.3d 304 (5th Cir. 2002), we applied the <u>Teague</u> analysis to determine that the new rule established in <u>Apprendi</u> did not apply retroactively on collateral review to initial petitions under § 2255.  Because we concluded that <u>Apprendi</u> did not fit into either of the two <u>Teague</u> exceptions to non-retroactivity, it is no surprise that we determine the new rule announced in <u>Booker</u>  does not fit into either of the two <u>Teague</u> exceptions to non-retroactivity.

rule[.]" <u>Summerlin</u>, 124 S. Ct. at 2523.

Similarly, <u>Booker</u> did not alter the range of conduct subject to any particular sentence. The <u>Booker</u> rule merely reallocates decision-making authority in a manner that is comparable to the rule promulgated in <u>Ring</u>. It is concerned with the identity of the decision-maker and the amount of evidence required for a sentence, rather than with what primary conduct is unlawful. Therefore, the <u>Booker</u> rule is procedural in nature.

The remedial portion of <u>Booker</u> is even more probative of the fact that <u>Booker</u> must be treated as a procedural decision for purposes of retroactivity. Although 18 U.S.C. § 3553 (b)(1), which made the Guidelines mandatory, no longer governs, the Court held that the federal Sentencing Guidelines remain in force as written. <u>Booker</u>, 125 S. Ct. at 756-57. District judges must continue to follow their approach as guidelines, with appellate review to determine whether that task has been carried out reasonably. <u>Id.</u> No primary conduct has been made lawful, and none of the numerous factors that affect sentences under the Guidelines have been declared invalid. Consequently, <u>Booker</u>, like <u>Ring</u>, must be treated as a procedural decision for purposes of retroactivity analysis.


B.  *The <u>Booker</u> rule constitutes a "new" rule for the purposes*
    *of retroactivity.*

Because it is clear that Gentry's conviction became final

6

before Booker was decided,[2] we now consider whether or not the Booker holding constitutes a "new" rule for the purposes of retroactivity.[3] See Beard, 124 S. Ct. at 2510. The Supreme Court has declared that a *new* rule is a rule that "breaks new ground." Teague, 489 U.S. at 301. Thus, "a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Id. Therefore, we must survey the "legal landscape" as of January 2000, and ask whether the rule announced by Booker was "dictated" by then-existing precedent, and would have been "apparent to all reasonable jurists." Beard, 124 S. Ct. at 2511.

There is no doubt that the Booker rule is new. It was not dictated by precedent existing at the time that Gentry's conviction became final. Moreover, the alleged unlawfulness of Appellant's conviction would not have been apparent to all reasonable jurists.

---

[2] Booker was decided on January 12, 2005. Gentry's conviction became final in August 2004, ninety days after we dismissed her appeal, or, in other words, the time period for filing for a writ of certiorari. See Griffith v. Kentucky, 479 U.S. 314 (1987) (explaining that when a defendant does not seek a writ of certiorari, the judgment of conviction becomes final upon the expiration of the time allowed for certiorari review); see also 28 U.S.C. § 2101 (c) (allowing for ninety days, post-conviction, for certiorari review). August 2004 is almost five months prior to the issuance of the decision in Booker. Consequently, Booker would have to be given retroactive effect in order for it to be applied to Gentry's case.

[3] In In re Elwood, 408 F.3d 211 (5th Cir. 2005), we implicitly determined that Booker established a "new" rule for purposes of analyzing whether or not it should be applied retroactively in *successive* motions for collateral review.

7

First, the <u>Booker</u> court expressly stated that the holding applies to all cases on direct review. The Court wrote, "'[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past.'" <u>Booker</u>, 125 S. Ct. at 769. The Court would not have engaged in this discussion if the rule was found in existing precedent.

Additionally, the fact that the entire federal judiciary had been so deeply at odds over the issue of whether the rule announced in <u>Blakely</u> applied to the Guidelines is also probative of the fact that <u>Booker</u> announced a new rule. Hence, not all reasonable jurists believed that <u>Booker</u> was compelled by <u>Blakely</u>. Consequently, we determine that <u>Booker</u> established a new rule.

C.  *<u>Booker</u> does not fit into either of the two <u>Teague</u> exceptions to non-retroactivity.*

Because <u>Booker</u> does not fit into either of the two <u>Teague</u> exceptions to non-retroactivity, we hold that <u>Booker</u> does not apply retroactively on collateral review to an initial 28 U.S.C. § 2255 motion. The first <u>Teague</u> exception to non-retroactivity applies to new rules "forbidding criminal punishment of certain primary conduct and rules prohibiting a certain category of punishment for a class of defendants because of their status or offense." <u>Beard</u>, 124 S. Ct. at 2513. This exception deals with a new rule that "places

8

certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." <u>Teague</u>, 489 U.S. at 290. Because neither <u>Booker</u> nor <u>Blakely</u> added or removed any conduct from the realm of criminal offenses this exception is clearly inapplicable.

The second <u>Teague</u> exception to non-retroactivity protects "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." <u>Beard</u>, 124 S. Ct. at 2506. Such a rule "must be one 'without which the likelihood of an accurate conviction is seriously diminished.'" <u>Summerlin</u>, 124 S. Ct. at 2523 (quoting <u>Teague</u>, 489 U.S. at 290). This "class of rules is extremely narrow." <u>Id.</u> It is important to note that no such watershed rule has been identified by the Supreme Court since the standard's inception. The Court, however, has pointed to <u>Gideon v. Wainwright</u>, 372 U.S. 335 (1963)(establishing criminal defendants' right to counsel in trials involving serious crimes), to specify the type of case that would fit into this exception.

<u>Booker</u> does not meet the second exception's standard because it merely changed the degree of flexibility that judges enjoy in applying the Guidelines. The flaw pinpointed in <u>Booker</u> is that sentence-enhancing factors were found by judges instead of juries, and by a preponderance of the evidence, instead of beyond a reasonable doubt. The Court held in <u>DeStefano v. Woods</u>, 392 U.S. 631, 633-34 (1968), and reemphasized in <u>Summerlin</u>, that the choice between judges and juries as factfinders does not make such a

9

fundamental difference. <u>Summerlin</u>, 124 S. Ct. at 2525. In fact, the <u>Summerlin</u> Court stated that it is not clear which factfinder is more accurate. <u>Id</u>. In <u>Summerlin</u>, while considering "whether judicial factfinding so *seriously* diminishe[s] accuracy that there is an impermissibly large risk of punishing conduct the law does not reach," the court reasoned that "[i]f...a trial held entirely without a jury was not impermissibly inaccurate, it is hard to see how a trial in which a judge finds only aggravating factors could be." <u>Id.</u> at 2525-6 (internal citations and quotations omitted). Hence, there is no basis for concluding that the judicial factfinding addressed in <u>Booker</u> is either less accurate or creates a greater risk of punishing conduct the law does not reach than did the judicial factfinding in <u>Summerlin</u>.

Furthermore, the remedy, making the Guidelines advisory, affords judges greater discretion, not less. Hence, any argument that judicial factfinding previously diminished accuracy, cannot support a contention that <u>Booker</u> falls within <u>Teague's</u> second exception because post-<u>Booker</u>, judges enjoy even greater discretion.

In conclusion, we cannot agree with the proposition that <u>Booker</u> has the same amount of eminence or prominence with regard to fairness and accuracy as the rule adopted in <u>Gideon</u> or other rules considered within the exception. Hence, the <u>Booker</u> rule does not fall within the second <u>Teague</u> exception to non-retroactivity which protects "watershed rules."

10

III. Conclusion

In In re Elwood, we held that Booker may not apply retroactively to cases on collateral review for purposes of a successive § 2255 motion. Elwood, 408 F.3d 211 (5th Cir. 2005). Now, we join the several courts of appeals that have held that Booker does not apply retroactively to initial § 2255 motions.[4] Because we hold that Booker does not apply retroactively to Gentry's motion, Appellant's motion fails. For the foregoing reasons, we AFFIRM the judgment of the district court denying Gentry's 28 U.S.C. § 2255 motion to vacate, set aside, or remand her sentence.

---

[4] See, e.g., Lloyd v. United States, 497 F.3d 608, 610 (3d Cir. 2005)("All courts of appeals to have considered the issue of whether the rule of law announced in [Booker] applies retroactively to prisoners who were in the initial § 2255 motion stage as of the date that Booker issued have concluded that it does not. We now join those courts."); United States v. Bellamy, 411 F.3d 1182, 1188 (6th Cir. 2005) ("Thus, like Blakely, Booker does not apply retroactively on collateral review, and Bellamy's claim may not be brought in this initial habeas review under 28 U.S.C. § 2255."); Guzman v. United States, 404 F.3d 139, 142 (2d Cir. 2005)("The several courts of appeals that have considered the retroactivity question have held that Booker is not retroactive ... [w]e agree.") (citations omitted); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005)(per curiam) ("[W]e conclude that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005)("[W]e conclude that Booker's rule does not apply retroactively in collateral proceedings[.]"); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005)("Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005.").