United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40600
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO DEWAYNE FRAZIER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:05-CV-105
USDC No. 3:95-CR-10-3
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Antonio Dewayne Frazier, federal prisoner # 46222-079, was

convicted of conspiracy to possess with the intent to distribute

more than five kilograms of cocaine and 50 grams or more of

cocaine base and was sentenced to 402 months of imprisonment.

Frazier filed a motion to vacate, set aside, or correct his

sentence pursuant to 28 U.S.C. § 2255 in 2001, which was

dismissed as time-barred.  Frazier filed a second § 2255 motion

in 2005, arguing that his sentence was unconstitutional in light

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005). The district court dismissed Frazier's motion as an unauthorized successive § 2255 motion but granted a certificate of appealability (COA) on the issue whether <u>Booker</u> is retroactively applicable to cases on collateral review.

<u>Booker</u> does not apply retroactively to cases on initial collateral review. <u>United States v. Gentry</u>, 432 F.3d 600, 604 (5th Cir. 2005). Further, <u>Booker</u> is not a ground for filing a successive § 2255 motion. <u>In re Elwood</u>, 408 F.3d 211, 213 (5th Cir. 2005).

Accordingly, the judgment of the district court is AFFIRMED. Frazier's motion to stay proceedings is DENIED.