United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50251
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MELVIN DEAN CANADA, JR., also known as Tootie,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A:06-CV-7
USDC No. 1-02-CR-189
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:*

     Melvin Dean Canada was convicted pursuant to a plea

agreement of possession with intent to distribute more than 5

grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  He

filed a 28 U.S.C. § 2255 motion to vacate his sentence, which was

denied by the district court as time-barred.  The district court

granted a certificate of appealability (COA) as to Canada's

claims that:  (1) he should be permitted to argue the

retroactivity of United States v. Booker, 543 U.S. 220 (2005) to

--------

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cases on collateral review to the United States Supreme Court, notwithstanding this court's decision <u>United States v. Gentry</u>, 432 F.3d 600 (5th Cir. 2005), and (2) he should be permitted to argue the retroactivity of <u>Crawford v. Washington</u>, 541 U.S. 36 (2004) to cases on collateral review in this court.

However, this court has held that <u>Booker</u> is not retroactively applicable to cases on collateral review. <u>Gentry</u>, 432 F.3d at 605-06. Additionally, <u>Crawford</u> was decided on March 8, 2004. 541 U.S. at 36. Because Canada's § 2255 motion was not filed until January 4, 2006, his claims regarding the applicability of <u>Crawford</u> are time-barred. Moreover, this court recently held that <u>Crawford</u> does not apply retroactively to cases on collateral review. <u>Lave v. Dretke</u>, 444 F.3d 333, 336 (5th Cir. 2006), <u>petition for cert. filed</u> (June 13, 2006) (No. 05-11552). Thus, the district court did not err in concluding that Canada's § 2255 motion was time barred.

Canada requests a COA regarding his claim that, because his sentence was unlawfully enhanced under <u>Booker</u> and <u>Crawford</u>, his plea agreement, and specifically his appeal waiver, are invalid. This court will not generally address any issue not certified by the district court unless explicitly requested to do so. <u>See</u> <u>United States v. Kimler</u>, 150 F.3d 429 (5th Cir. 1998); <u>Lackey v. Johnson</u>, 116 F.3d 149 (5th Cir. 1997). Here, Canada explicitly requests a COA on this issue. However, Canada has not made a substantial showing of the denial of a constitutional right, and

therefore his arguments on this issue are unavailing.  <u>See</u> <u>Slack</u> <u>v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Accordingly, Canada's motion for COA is DENIED and the district court's judgment is AFFIRMED.