United States Court of Appeals
Fifth Circuit

**F I L E D**

July 27, 2007

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 05-30530
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff–Appellee

v.

MARVIN K SULLIVAN

Defendant–Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:04-CV-1087
USDC No. 6:01-CR-60049

Before KING, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Marvin K. Sullivan, federal prisoner # 11003-035, appeals the denial of his 28 U.S.C. § 2255 motion in which he challenged his conviction and sentence for making and subscribing a false tax return.

Sullivan argues that Booker should be applied to his case retroactively and that it would be a miscarriage of justice not to apply Booker. Booker does not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

apply retroactively to cases on initial collateral review. United States v. Gentry, 432 F.3d 600, 604 (5th Cir. 2005). Further, Booker is not a ground for filing a successive § 2255 motion. In re Elwood, 408 F.3d 211, 213 (5th Cir. 2005). Sullivan's argument that his conviction is not final is without merit. His conviction became final after the expiration of the direct appellate process. See Gentry, 432 F.3d at 604 n.2.

Sullivan also contends that he was denied the opportunity to call an Assistant United States Attorney as a witness in connection with his argument that the Government breached the plea agreement by failing to file a motion under U.S.S.G. § 5K1.1. Sullivan failed to challenge the plea agreement on direct appeal and was thus precluded from raising the claim in a § 2255 motion. See United States v. Lopez, 248 F.3d 427, 433 (5th Cir. 2001). The Government invoked the procedural bar in the district court. See United States v. Drobny, 955 F.2d 990, 995 (5th Cir. 1992). Therefore, the district court did not err in denying Sullivan's request to present testimony on this issue.

Sullivan argues again before this court that the BOP changes regarding placement of prisoners in community confinement centers violates due process and the Ex Post Facto Clause. Because Sullivan previously raised this issue on direct appeal, it should not be considered in a § 2255 motion. See United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986). The district court did not err in denying this claim. To the extent that Sullivan attacks the applicability of the BOP policies to him, the argument is unavailing because it is not properly raised in a § 2255 motion. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000).

Accordingly, the judgment of the district court is AFFIRMED.