IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-60984
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

STEVEN GOINS

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:95-CR-100-2

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Steven Goins, federal prisoner number 06314-112, appeals from the district court's denial of his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (2002). We review the district court's denial for an abuse of discretion. See United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997); United States v. Whitebird, 55 F.3d 1007, 1009 (5th Cir. 1995).

Goins's motion for a reduction of sentence based upon a retroactive amendment to the United States Sentencing Guidelines relies upon Amendment 506 to the Guidelines, which was effective November 1, 1994. U.S. SENTENCING

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

GUIDELINES MANUAL app. C, amend. 506 (Nov. 1994) (amending USSG § 4B1.1, cmt., n.2). Because Goins was sentenced on August 28, 1996, Amendment 506 would not apply retroactively to him, as contemplated by 18 U.S.C. § 3582(c) and USSG § 1B1.10. Accordingly, the district court did not abuse its discretion in denying Goins's § 3582(c)(2) motion.[1]

To the extent that Goins raises arguments based on United States v. Booker, 543 U.S. 220 (2005), such arguments are foreclosed. The application of Booker is limited to cases pending on direct review or not yet final as of January 12, 2005. Booker, 543 U.S. at 268; United States v. Gentry, 432 F.3d 600, 605 (5th Cir. 2005). Because Goins's judgment was entered on September 4, 1998, Booker does not apply.

Goins's appeal is dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Goins has previously received warning from this court that the filing of future frivolous appeals may result in sanctions. See United States v. Goins, No. 03-60904 (5th Cir. Apr. 21, 2004). We again caution Goins that further frivolous filings may result in the imposition of sanctions, including dismissal, monetary penalties, and restrictions on his ability to file appeals in this court and actions in any court subject to this court's jurisdiction.

APPEAL DISMISSED; SANCTION WARNING ISSUED.

---

[1] We also note the district court's accurate observation that application of Amendment 506 and the Supreme Court's decision in United States v. LaBonte, 520 U.S. 751 (1997) would be precluded, because Goins was not sentenced as a Career Offender under USSG § 4B1.1.