**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-10792
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KERRY DEWAYNE LAURY

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:93-CR-3-2

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kerry Dewayne Laury, federal prisoner # 24149-077, appeals the district court's denial of his petition for a writ of audita querela, filed pursuant to 28 U.S.C. § 1651. In 1993, Laury was convicted of five counts of aiding and abetting robbery and five counts of aiding and abetting the carrying of a firearm in connection with the robberies. Laury was sentenced to a total of 1,071 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Laury argues that he was sentenced for conduct not charged in the indictment or proven to a jury. He contends that his sentence was imposed in violation of the principles announced in *United States v. Booker*, 543 U.S. 220 (2005), and that therefore he is entitled to relief in the form of a writ of audita querela. A prisoner may not seek a writ of audita querela if he "may seek redress under [28 U.S.C.] § 2255." *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993). *Booker* does not apply retroactively to cases on collateral review and does not provide a ground for filing a successive § 2255 motion. *United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005); *In re Elwood*, 408 F.3d 211, 212-13 (5th Cir. 2005). Nevertheless, the fact that a movant cannot meet the requirements for bringing a successive § 2255 motion does not render the § 2255 remedy unavailable. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). Therefore, Laury has not shown that he is entitled to the relief requested. Accordingly, the judgment of the district court is AFFIRMED.