# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-11145
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID ANTOINE JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CR-185-1

Before GARZA, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

David Antoine Johnson, federal prisoner # 27125-177, appeals the district court's denial of his petition for a writ of audita querela, filed pursuant to 28 U.S.C. § 1651. In 2002, Johnson pled guilty to two counts of a six-count indictment for bank robbery and was sentenced to a total of 646 months of imprisonment.

Johnson contends that the writ of audita querela is available to him because the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2005) rendered the once-mandatory sentencing guidelines advisory and that *Booker* was unavailable to him at the time of his sentencing and the filing of his original § 2255 petition. He reasons that his sentence was imposed in violation of the principles announced in *Booker*, and that therefore he is entitled to relief in the form of a writ of audita querela.

A prisoner may not seek a writ of audita querela if he "may seek redress under [28 U.S.C.] § 2255." *United States v. Banda*, 1 F.3d 354, 356 (5th Cir.1993). Johnson argues that this bar does not apply to him because *Booker* does not provide him a means of redress under § 2255. He is correct to acknowledge that he could not use *Booker* to avail himself of § 2255 because *Booker* does not apply retroactively to cases on collateral review and does not provide a ground for filing a successive § 2255 motion. *United States v. Gentry*, 432 F.3d 600, 605 (5th Cir.2005); *In re Elwood*, 408 F.3d 211, 212-13 (5th Cir.2005). Johnson, however, errs in failing to appreciate that the fact that a movant cannot meet the requirements for bringing a successive § 2255 motion does not render the § 2255 remedy unavailable. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir.2000). Since Johnson has not shown that § 2255 is unavailable, he has not shown that he is entitled to the relief requested. Accordingly, the judgment of the district court is AFFIRMED.