# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 22, 2011

Lyle W. Cayce
Clerk

No. 10-41183
Summary Calendar

TERRANCE LAYTON VELTMAN,

Petitioner–Appellant

v.

JODY UPTON, Warden,

Respondent–Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CV-572

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Terrance Layton Veltman, federal prisoner # 38831-179, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. Veltman contends that his 150-month sentence for bank burglary was unreasonable because the court miscalculated his guidelines offense level, and that he is entitled to § 2241 relief under the savings clause of 28 U.S.C. § 2255.

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence, while Section 2241 is the proper vehicle used to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenge the manner in which a sentence is executed. *See Padilla v. United States*, 416 F.3d 424, 425–26 (5th Cir. 2005). Veltman's § 2241 petition is not challenging the manner in which his sentence is being executed, but is instead challenging the legality of his sentence.

Veltman may use Section 2241 as the vehicle for attacking his sentence nonetheless, but only if he establishes that § 2255 is inadequate or ineffective to test the legality of his detention. *Padilla*, 416 F.3d at 426. Veltman bears the burden of proving that § 2255 is an inadequate or ineffective remedy. *Id.* This requires showing that: (1) his claim "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense"; and (2) his claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). To meet the first, or actual innocence, prong of this test, Veltman must prove that, based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime. *See Jeffers v. Chandler*, 253 F.3d 827, 830–31 (5th Cir. 2001).

Although Veltman attempts to frame his argument as an actual innocence claim, the argument in fact challenges only the procedural reasonableness of his sentence under *Gall v. United States*, 552 U.S. 38 (2007). Veltman has not shown that he was convicted of a nonexistent offense as required by *Reyes-Requena*. *See id.,* 243 F.3d at 900; *see also Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000). Furthermore, Veltman has not provided any authority demonstrating that *Gall* or its predecessor, *United States v. Booker*, 543 U.S. 220 (2005), to which Veltman also cites, have been made retroactive to cases on collateral review. *Compare United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005) (holding that *Booker* does not apply retroactively on collateral review to an initial § 2255 motion); *Reyes-Requena*, 243 F.3d at 900. In addition, Veltman has not shown that his claims were foreclosed by circuit law. Accordingly,

Veltman has not shown that the district court erred in dismissing his § 2241 petition.

AFFIRMED.