# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2011

Lyle W. Cayce
Clerk

No. 10-11108
Summary Calendar

JUAN JACKSON,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-1745

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Jackson, federal prisoner # 95377-012, was convicted by a jury of aiding and abetting kidnaping in violation of 18 U.S.C. §§ 1201(a)(1) and 2 (counts two and three) and unlawfully carrying and using a firearm during the commission of a crime in violation of 18 U.S.C. § 924(c) (count four). He was sentenced to life imprisonment on counts two and three, to be served concurrently, and 60 months of imprisonment on count four, to be served consecutively to the sentences for counts two and three. Jackson seeks leave to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11108

proceed in forma pauperis (IFP) on appeal from the district court's denial of his petition for writ of audita querela challenging his sentence in view of *United States v. Booker*, 543 U.S. 220 (2005).

By moving for leave to proceed IFP on appeal, Jackson is challenging the district court's certification that his appeal presents no nonfrivolous issues and is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Jackson argues that the writ of audita querela is available because *Booker* established a new rule of constitutional law that was unforeseeable at the time of his sentencing, appeal, and habeas petition. He contends that *United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005), is inapplicable because he filed a motion to reopen his criminal case pursuant to a writ of audita querela, and not under § 2255. He contends that *Booker* should be applied retroactively under *Teague v. Lane*, 489 U.S. 288 (1989).

Jackson cannot assert this claim in a petition for writ of audita querela because redress is available under § 2255. *See United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993). Jackson's inability to meet the requirements for bringing a successive § 2255 motion does not render the § 2255 remedy unavailable. *See Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). Jackson's appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, Jackson's request for leave to proceed IFP is denied, and the appeal is dismissed. *See* 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.

2