# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 98-30733
Summary Calendar

---

MICHAEL J. BROWN,

Petitioner-Appellant,

versus

C.M. LENSING, Warden,

Respondent-Appellee.

---

Appeal from the United States District Court
for the Eastern District of Louisiana

---

April 19, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

POLITZ, Circuit Judge:

Michael J. Brown was convicted of aggravated burglary in 1983. His conviction was affirmed on appeal and has been tested in several collateral attacks, state and federal. In 1996, in accordance with the Antiterrorism and Effective Death Penalty Act,[1] Brown moved for authorization to file a successive petition

---

[1] Pub. L. 104-132, 110 Stat. 1214 (1996).

under 28 U.S.C. § 2254,[2] contending that the instruction on reasonable doubt given to his jury violated his constitutional rights under **Cage v. Louisiana**.[3] A panel of this court authorized the filing, noting that Brown had satisfied 28 U.S.C. § 2244(b)(2)(A) by making a prima facie case "that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[4]

Thereafter, in **In re Smith**[5] we addressed the question whether the type of **Cage** claim pressed by Brown qualifies under § 2244(b)(2)(A), holding that the petitioner was not entitled to file a successive habeas petition because he had failed to "'identify a Supreme Court edict that renders **Cage** retroactively applicable to cases on collateral review.'"[6] We agreed with our colleagues in the First, Fourth, and Eleventh Circuits that the plain language of the statute requires an applicant to "point to a Supreme Court decision that either expressly declares the collateral

---

[2]28 U.S.C. § 2244(b).

[3]498 U.S. 39 (1990).

[4]**See In re Michael J. Brown**, No. 96-00310 (Nov. 1, 1996) (quoting 28 U.S.C. § 2244(b)(2)(A)).

[5]142 F.3d 832 (5th Cir. 1998).

[6]**Id.** at 835 (quoting **Rodriguez v. Superintendent, Bay State Correctional Ctr.**, 139 F.3d 270, 275 (1st Cir. 1998)).

availability of the rule . . . or applies the rule in a collateral proceeding."[7]

In a thorough and careful opinion, the trial court determined that Brown had failed to identify any decision by the Supreme Court authorizing collateral review of his **Cage** claim, and dismissed the claim, citing **In re Smith**. The court then granted a certificate of appealability solely on the **Cage** claim.

We conclude that the trial court properly dismissed Brown's petition. **In re Smith** is controlling, binding precedent. Our authorization for Brown to file a successive petition is not dispositive of the critical question. The statute specifically directs the trial court to "dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."[8] Accordingly, the trial court was obliged by the statute to dismiss Brown's claim if

---

[7]**Id.** at 835 (quoting **Rodriguez**, 139 F.3d at 275 and citing **In re Vial**, 115 F.3d 1192 (4th Cir. 1997) (en banc); **In re Hill**, 113 F.3d 181 (11th Cir. 1997)).

[8]28 U.S.C. § 2244(b)(4); **see also Bennett v. United States**, 119 F.3d 468, 469-70 (7th Cir. 1997) ("[Our] . . . grant is . . . tentative in the following sense: the district court must dismiss the motion that we have allowed the applicant to file without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion. 28 U.S.C. § 2244(b)(4). The movant must get through two gates before the merits of the motion can be considered."); **United States v. Kashiwabara**, 962 F. Supp. 1278 (D. Hawaii 1996) (invoking 28 U.S.C. 2244(b)(4) to dismiss a successive petition authorized by the Ninth Circuit under 28 U.S.C. § 2244(b)(2)).

it did not meet the requirements of § 2244.[9]

The trial court granted the certificate of appealability only as to the **Cage** claim; we therefore do not address Brown's ineffective assistance claim.[10]  We deny Brown's motion to remand.

For these reasons, the judgment of the trial court is, in all respects, AFFIRMED.

---

[9]We disapprove the approach taken in **Tyler v. Cain**, No. 97-1549, 1998 WL 614183 (E.D. La. Sept. 10, 1998), where the court held that once the Fifth Circuit authorizes a successive petition, the trial court is no longer bound by the dictates of 28 U.S.C. § 2244(b)(2)(A).  That holding is irreconcilable with § 2244(b)(4).  Commentators agree that the trial court must make its own determination that the statutory prerequisites are satisfied. **See, e.g.,** Robert S. Madancy, Jr., Shawn M. Bates & Timothy Lambert, **Twenty-Seventh Annual Review of Criminal Procedure**, 86 Geo. L.J. 1896, 1923 (1998); Larry W. Yackle, **Developments in Habeas Corpus**, 21-Dec. Champion 16, 17 (1997).

[10]**See Lackey v. Johnson**, 116 F.3d 149 (5th Cir. 1997); **United States v. Kimler**, 150 F.3d 429 (5th Cir. 1998).