IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60474
Summary Calendar

_____

CLYDE WENDALL SMITH,

Petitioner-Appellant,

versus

WALTER BOOKER; MIKE MOORE, Attorney
General, State of Mississippi,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. m:98-CV-58-S-B

_____

January 12, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Clyde Wendall Smith, Mississippi prisoner #44932, appeals the dismissal of his 28 U.S.C. § 2254 petition, in which he raised five ineffective assistance claims. The district court granted a certificate of appealability ("COA") on each claim.

Smith does not renew his claim that counsel was ineffective in failing to move for a severance, and the claim is waived due to his failure to brief it. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Fed. R. App. P. 28(a). For the first time on appeal, he argues that counsel was ineffective in failing to

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

present evidence that the use of brass knuckles would leave permanent scars and in failing to point out that the victim, Lynn Robinson, did not have any such scars. Not only does the COA not include this issue, but this court will not consider a new theory of relief raised for the first time on appeal. See Brown v. Lensing, 171 F.3d 1031, 1032 n.10 (5th Cir. 1999); Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Smith's claim that counsel was ineffective in failing to call Officer Thurmond fails because, even if it is assumed that counsel was deficient in not securing Officer Thurmond's presence, Smith has not demonstrated any resulting prejudice since the substance of the proposed testimony was presented via counsel's cross-examination of Patricia Robinson. See Strickland v. Washington, 466 U.S. 668, 694, 697 (1984). Smith's claim that counsel was ineffective in failing to impeach Patricia Robinson also fails because he concedes that counsel cross-examined her regarding her prior inconsistent statements. See id. at 687. To the extent that Smith argues that counsel should have attempted to introduce the prior statements formally into evidence, the claim fails because he cannot demonstrate any prejudice flowing from the alleged error. Id. at 694, 697. Smith's claim that counsel was ineffective in failing to impeach Wendell Wright with prior inconsistent statements also fails for lack of prejudice. Id. The claim that counsel breached the duty of loyalty is simply a restatement of

2

Smith's other ineffective assistance claims and fails for the reasons already stated.  <u>Id.</u>

A F F I R M E D.