## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

### No. 98-31159
### Summary Calendar
_____

MELVIN TYLER,

                                        Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana
State Penitentiary,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-1549-G
--------------------
June 1, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        Melvin Tyler, Louisiana prisoner # 81668, appeals the dismissal of his petition under 28 U.S.C. § 2254.  In 1976, Tyler was convicted of one count of second degree murder.  He is continuing to serve his sentence of life imprisonment without the benefit of parole, probation, or suspension of sentence for a period of twenty years.

        Tyler has requested federal habeas relief following the denial of his numerous state habeas petitions.  This court has previously given Tyler permission to file a successive § 2254

        [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

application on the issues whether Cage v. Louisiana, 498 U.S. 39 (1990), should be applied retroactively on collateral review and whether the jury instruction on reasonable doubt given to his jury was unconstitutional under Cage and Victor v. Nebraska, 511 U.S. 1 (1990). The district court determined that, based upon Humphrey v. Cain, 138 F.3d 552 (5th Cir.)(en banc), cert. denied, 119 S. Ct. 348, 365 (1998), Cage was to be applied retroactively, but it denied relief under the standard set forth by 28 U.S.C. § 2254(d).

The district court erred in not determining first whether Tyler's petition satisfied AEDPA's successive habeas standard, 28 U.S.C. § 2244(b)(2)(A). Procedurally, this case is governed by Brown v. Lensing, 171 F.3d 1031 (5th Cir. 1999), which relies on In re Smith, 142 F.3d 832 (5th Cir. 1998). Under circumstances indistinguishable from this case, petitioner Brown was denied successive habeas relief because he could not show that any Supreme Court decision renders the Cage decision retroactively applicable to cases on collateral review, as AEDPA now requires. Moreover, the Brown case specifically disapproved the district court's approach in this case. Brown, 171 F.3d at 1032 n.9.

Like cases demand like treatment. Tyler's successive petition fails according to Brown and § 2244(b)(2)(A).

For these reasons, only, the judgment of the district court denying habeas relief is **AFFIRMED**.