**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 20, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-41557

IN RE: TROY KUNKLE,

Movant.

On Petitioner's Application for Authority to File a Successive
Habeas in the United States District Court for the Southern
District of Texas

Before HIGGINBOTHAM, DAVIS and JONES, Circuit Judges.

PER CURIAM:

Kunkle, who is scheduled for execution on January 25, 2005, filed this motion for authority to file a successive habeas and for a stay of execution. We DENY the motion and DENY the stay request.

I.

Kunkle seeks permission to file a successive habeas under the authority of 28 U.S.C. § 2244(b)(2), which states in part that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless . . . (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive

to cases on collateral review by the Supreme Court, that was previously unavailable."

Kunkle asserts that the jury was unable to give effect to his mitigating evidence and that because relief was not available to him before the Supreme Court's decisions in Tennard v. Dretke, 124 S.Ct. 2562 (2004) and Smith v. Texas, 125 S.Ct. 400 (2004), he is entitled to seek relief under rules recently announced in those cases.

Section 2244(b)(2) does not literally apply to this motion because Kunkle argued in his first federal habeas petition filed in the district court that the jury could not give effect to his mitigating evidence under Penry v. Lynaugh, 492 U.S. 302 (1989) ("Penry I"). Thus, § 2244(b)(1) literally applies to the claim Kunkle seeks to assert in a successive habeas. This section provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Assuming without deciding that Kunkle may rely on § 2244(b)(2) as authority to file this successive habeas, we nevertheless deny the motion for the following reasons:

The express language of the Supreme Court in both Tennard and Smith makes it clear that neither of these cases announce a new rule as required for a successive habeas under § 2244(b)(2). As the Court explained in Smith, "that [Smith's] evidence was relevant for mitigation purposes is plain under our precedents, even those

2

predating <u>Tennard</u>."  125 S.Ct. at 405 (citing <u>Penry I</u>, 492 U.S. at 319-322, <u>Payne v. Tennessee</u>, 501 U.S. 808, 822 (1991), <u>Boyde v. California</u>, 494 U.S. 370, 377-378 (1990) <u>and Eddings v. Oklahoma</u>, 455 U.S. 104, 114 (1982)). (Emphasis added).

<u>Tennard</u> relied on the same cases in analyzing the relevance of <u>Tennard</u>'s mitigating evidence and rejecting this court's "constitutional relevance" standard.  124 S.Ct. at 2569-72.

## II.

Even if we assume that <u>Smith</u> and <u>Tennard</u> announce new rules that are retroactive to cases on collateral review, this case presents no <u>Tennard/Smith</u> issue.  There is no evidence in this record that Kunkle suffered from any psychotic thought disorder, schizophrenia or other mental or emotional problems that are in any way similar to the type of evidence that was the focus of the Court in <u>Tennard</u> and <u>Smith</u>.  Also, no "nullification instruction," such as the Court considered in <u>Smith</u>, was given in Kunkle's case. Additionally, neither the Texas Court of Criminal Appeals nor the federal district court utilized a "screening test" to dispose of evidence that was not "uniquely severe" or lacked a "nexus" of events.[1]

Kunkle's mitigating evidence of his drug abuse, youth,

---

[1]Kunkle, in his first federal habeas proceeding, did not seek a certificate of appeal from this court to review the district court's rejection of his <u>Penry I</u> claim.

3

attendance at an "alternative" school because of disciplinary problems, testimony by school psychiatrists that he exhibited poor judgment, laziness, surliness and a flagrant disregard for the rights and needs of others all fit within the scope of the two Texas special issues. See Jurek v. Texas, 428 U.S. 262, 266-67 (1976), Graham v. Collins, 506 U.S. 461, 474-76 (1993), and Johnson v. Texas, 509 U.S. 350, 368 (1993). Any reading of Smith as not being limited to mental impairment but rather reaching all types of mitigating evidence as Kunkle urges is inconsistent with the above cases. We are not persuaded that the Court intended to undercut Jurek, Graham, and Johnson without even citing them. Whether Tennard or Smith sweep so broadly as to create a conflict with its own Jurek or Graham decisions is for the Supreme Court.

The Motions for Authorization to File a Successive Petition and for Stay of Execution are DENIED.[2]

_____

[2]Kunkle also suggests that this court recall its mandate and reopen the prior proceedings so that he may raise the Penry I claim he abandoned when he did not seek a COA from the district court's denial of relief on that claim. This court may not recall its mandate to consider a claim that was not before it during the original appeal. Bottone v. United States, 350 F.3d 59, 63-64 (2d Cir. 2003), cert. denied, 125 S.Ct. 98 (2004). Kunkle's 2004 motion to stay the mandate did not raise a Penry I issue because he did not brief this claim on appeal. We conclude that Calderon v. Thompson, 523 U.S. 538 (1998) cannot excuse Kunkle's failure to raise the Penry I issue during his first appeal to this court.

Nevertheless Thompson would be inapplicable even if Kunkle had properly raised the Penry I claim on appeal. In Thompson, the Supreme court held that a prisoner's motion to recall the mandate on the basis of the merits of the underlying decision can be regarded as a second or successive application for purposes of § 2244(b). Thompson, 523 U.S. at 553. Because Kunkle fails to

4

overcome the successive petition limitations in § 2244(b)(1) and (2)(A) as discussed above, Kunkle's motion would be pointless when considered in this light.  Therefore Kunkle's motion to recall the mandate is DENIED.