United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50574
Summary Calendar

RANDY ARROYO,

Petitioner-Appellant,

versus

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(5:01-CV-976)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Randy Arroyo, Texas prisoner # 999261,

was convicted in 1998, along with Vincent Gutierrez, of the capital

murder of Jose Cobo and was sentenced to death.  After his state

appeal and state post-conviction efforts were unsuccessful, he

sought relief in federal court via a 28 U.S.C. § 2254 petition.

The district court granted conditional relief on Arroyo's Eighth

Amendment claims in light of <u>Roper v. Simmons</u>, 125 S. Ct. 1183

(2005), and Arroyo's sentence was subsequently commuted to life in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prison. The district court denied relief on all other claims, but granted a certificate of appealability on two related Confrontation Clause claims. Arroyo appeals the district court's decision as to those claims only. Finding no error, we affirm.

Arroyo asserts that his Sixth Amendment right to confront witnesses was violated when the trial court admitted the testimony of Christopher Suaste and Sean Lowe about statements of Gutierrez that implicated Arroyo in Cobo's murder. Arroyo complains in particular about Suaste's testimony that he was told by Gutierrez of being told by Arroyo to shoot Cobo while he was trying to escape. Lowe similarly testified that Gutierrez had said there was mention made of shooting Cobo because of his attempted escape, although precisely who had made the statement was not known. The district court concluded that, given the other evidence of guilt, any constitutional error was harmless. We agree.

The admission of third party testimony about a non-testifying co-defendant's statement that implicates another defendant may violate the Confrontation Clause, but this rule is subject to exceptions. Lilly v. Virginia, 527 U.S. 116, 123 (1999); Bruton v. United States, 391 U.S. 123, 17-28 (1968). Such error is generally referred to as Bruton error and is subject to harmless error review. United States v. Nutall, 180 F.3d 182, 188 (5th Cir. 1999). Under the harmless error standard, federal habeas relief may not be granted for constitutional error that did not "have a substantial and injurious effect or influence in determining the

2

jury's verdict." Brecht v. Abramson, 507 U.S. 619, 623 (1993). We and the Supreme Court have found Bruton error harmless when the erroneously admitted statements are "merely cumulative of other overwhelming and largely uncontroverted evidence." See Brown v. United States, 411 U.S. 223, 231-32 (1973); see also United States v. Lage, 183 F.3d 374, 388 (5th Cir. 1999). We review the district court's harmless error determination de novo. See Jordan v. Hargett, 34 F.3d 310, 315-16 (5th Cir. 1994).

Although Arroyo takes issue with the district court's formulation of the harmless error test and complains that the court failed to give sufficient weight to the prosecution's reliance on the contested testimony, our de novo review persuades us that the district court correctly determined that any error was harmless. The evidence overwhelmingly showed that Arroyo planned the theft of Cobo's Mazda RX-7 to steal parts for his own car, cased Cobo's apartment complex before the theft, purchased gloves in advance to avoid leaving fingerprints, directed Suaste to Cobo's apartment complex and entered the gate code, and stole the car with Cobo in it. Further, both Arroyo and Gutierrez were armed.

The evidence also showed that Arroyo drove the car during the commission of the theft, admitted his involvement to a police officer afterwards, and led the officer along the route, showing him where he and Gutierrez disposed of the guns and abandoned the car. Witnesses saw the RX-7 being driven erratically, saw a person inside struggling, and heard gunshots while the car was moving; and

3

one witness saw Cobo's body thrown from the car. The guns were later found, and ballistics evidence matched the bullets in Cobo's body to one of the guns. Further, garments matching the description of Gutierrez's clothing were found and they were stained with blood that was consistent with Cobo's blood.

This evidence overwhelmingly satisfies the standard for finding Arroyo criminally culpable for Cobo's death under Texas law. See TEX. PENAL CODE ANN. § 7.02(b) (Vernon 2003); see also Ruiz v. State, 579 S.W.2d 206, 207 (Tex. Crim. App. 1979). We will not say that the testimony by Suaste and Lowe, even if erroneously admitted, had a substantial and injurious effect on the verdict, as it was merely cumulative of other overwhelming and largely uncontroverted evidence. Given our conclusion that any error was harmless, we need not reach Arroyo's contentions that the district court erroneously failed to make a determination of Confrontation Clause error and misapplied the analysis required by the Antiterrorism and Effective Death Penalty Act.

The judgment of the district court appealed from is, in all respects,

AFFIRMED.

4