**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 16, 2011

Lyle W. Cayce
Clerk

No. 10-10611
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEQUINTAN ARNICK,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CR-254-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Dequintan Arnick appeals the sentence imposed following his guilty plea conviction for being a felon in possession of a firearm. Arnick argues that the district court erred in determining that his prior Texas state conviction for evading arrest using a vehicle was a crime of violence and in enhancing his sentence under U.S.S.G. § 2K2.1(a)(1). As Arnick concedes, this issue is foreclosed by *United States v. Harrimon*, 568 F.3d 531 (5th Cir.), *cert. denied*, 130 S. Ct. 1015 (2009). However, he argues that *Harrimon* was wrongly decided

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and notes that there is a circuit split on the issue and that the Supreme Court has granted a petition for writ of certiorari in a similar case. *See Sykes v. United States*, 131 S. Ct. 63 (2010).

*Harrimon* held that the Texas state offense of evading arrest or detention by use of a vehicle is a violent felony under the Armed Career Criminal Act (ACCA). This court has recognized that the definition of a violent felony under the ACCA is the same as the definition of "crime of violence" under U.S.S.G. § 4B1.2(a), the section applicable to Arnick's prior offense. *See United States v. Mohr*, 554 F.3d 604, 609 & n.4 (5th Cir), *cert. denied*, 130 S. Ct. 56 (2009). Therefore, the district court did not err in determining that Arnick's prior offense was a crime of violence and in enhancing his sentence on this basis. We are bound by our precedent even when an issue is pending before the Supreme Court. *See In re Brown*, 457 F.3d 392, 395 n.1 (5th Cir. 2006).

Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motions to dismiss the appeal or for an extension of time to file a brief are DENIED, and the judgment of the district court is AFFIRMED.