# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-50447

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 16, 2011

Lyle W. Cayce
Clerk

In re: TONY SPARKS,

Movant

---

Motion for leave to file in
the United States District Court for the Western
District of Texas
a subsequent 28 U.S.C. § 2255 motion

---

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:

Tony Sparks, federal prisoner # 91929-080, moves this court for authorization to file a successive 28 U.S.C. § 2255 motion challenging his sentence of life imprisonment without the possibility of parole. Pursuant to 18 U.S.C. § 3006A, Sparks also moves this court to appoint as his counsel the attorney who filed the instant motion.

Sparks was convicted in federal court, on a guilty plea, of aiding and abetting a carjacking resulting in death, an offense he committed when he was sixteen years old. The district court sentenced him in 2001 to life imprisonment without the possibility of parole. Sparks has previously filed a motion under 28 U.S.C. § 2255, which was denied.

Section 2255(h) by its terms bars a federal prisoner from filing a second or successive motion to vacate, set aside, or correct a sentence unless the

appropriate court of appeals certifies that the petition either (1) contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) is premised on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Sparks seeks our permission to file a second § 2255 motion based solely on the grounds that the Supreme Court's recent decision in *Graham v. Florida*, 130 S. Ct. 2011 (2010), has rendered his sentence unconstitutional: the Court held unequivocally in *Graham* that "[t]he Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." *Id.* at 2034. Sparks further contends, as he must under § 2255(h), both that *Graham* created "a new rule of constitutional law . . . that was previously unavailable" to him and that *Graham* has been "made retroactive to cases on collateral review by the Supreme Court." § 2255(h).

Sparks has made a sufficient prima facie showing to be permitted to present his second § 2255 motion. First, *Graham* clearly states a new rule of constitutional law that was not previously available: the case was certainly the first recognition that the Eighth Amendment bars the imposition of life imprisonment without parole on non-homicide offenders under age eighteen.[1] Second, *Graham* has been "made retroactive to cases on collateral review by the Supreme Court."

In *Tyler v. Cain*, 533 U.S. 656 (2001), the Supreme Court explained that a case is "made retroactive to cases on collateral review by the Supreme Court" for purposes of the statutory limitations on second or successive habeas

---

[1] Whether aiding and abetting a carjacking resulting in death constitutes "homicide" within the meaning of *Graham* is a nonfrivolous question that we leave to the district court to decide in the first instance in evaluating the motion. For the present purposes, we hold only that Sparks has made a prima facie showing adequate to allow the district court to consider this issue.

petitions[2] if and "only if this Court has held that the new rule is retroactively applicable to cases on collateral review." *Id.* at 662. The *Tyler* Court explained, however, that "this Court can make a rule retroactive over the course of two cases. . . . Multiple cases can render a new rule retroactive . . . if the holdings in those cases necessarily dictate retroactivity of the new rule." *Id.* at 666. Sparks contends that *Graham*, when taken together with one of the exceptions to the presumption of non-retroactivity articulated in *Teague v. Lane*, 489 U.S. 288, 307 (1989) (plurality opinion)—and reiterated most recently in *Schriro v. Summerlin*, 542 U.S. 348, 351–52 (2004)—"necessarily dictate[s]" the retroactivity of *Graham*'s holding. We agree.

*Teague* describes two types of cases as retroactive in nature. First, under the doctrine relevant here, a rule is deemed retroactive if it places "'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.'" 489 U.S. at 307 (quoting *Mackey v. United States*, 401 U.S. 667, 692 (1971) (Harlan, J., concurring in part and dissenting in part)). As the Court explained in *Penry v. Lynaugh*, 492 U.S. 302, 330 (1989), *overruled on other grounds by Atkins v. Virginia*, 536 U.S. 304 (2002), this exception should be understood as extending "not only [to] rules forbidding criminal punishment of certain primary conduct but also rules prohibiting a certain category of punishment for a class of defendants because of their status or offense." *Id.* at 330; *see also Schriro*, 542 U.S. at 351–52. Second, *Teague* provides that "a new rule should be applied retroactively if it requires the observance of those procedures that . . . are implicit in the concept of ordered liberty." 489 U.S. at 307 (internal quotation marks omitted).

---

[2] Although *Tyler* was decided in the context of a successive petition filed by a state prisoner and interprets 28 U.S.C. § 2244(b)(2)(A), the decision applies with equal force to the identically-worded § 2255(h)(2) standard for successive motions to vacate, set aside, or correct a sentence filed by federal prisoners. *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005).

As the Supreme Court held in *Tyler*, a case that fits within this second, amorphous *Teague* exception does not satisfy the test of logical necessity so as to be inherently retroactive; in such a case, "[t]he most [the petitioner] can claim is that, based on the principles outlined in *Teague*, this Court *should* make [the underlying decision] retroactive to cases on collateral review"—not that logic dictates that it already has. 533 U.S. at 666. But the opposite is generally true with respect to the first *Teague* exception—the only one at issue here. In a helpful explanatory concurrence to *Tyler*, Justice O'Connor explained that a decision that fits within the first *Teague* exception was the paradigmatic example of multiple holdings that together "necessarily dictate" retroactivity:

> This Court . . . may "ma[k]e" a new rule retroactive through multiple holdings that logically dictate the retroactivity of the new rule. To apply the syllogistic relationship described [in the dissenting opinion and approved by the majority opinion], if we hold in Case One that a particular type of rule applies retroactively to cases on collateral review and hold in Case Two that a given rule is of that particular type, then it necessarily follows that the given rule applies retroactively to cases on collateral review. In such circumstances, we can be said to have "made" the given rule retroactive to cases on collateral review.

> The relationship between the conclusion that a new rule is retroactive and the holdings that "ma[k]e" this rule retroactive, however, must be strictly logical—*i.e.*, the holdings must *dictate* the conclusion and not merely provide principles from which one *may* conclude that the rule applies retroactively. . . .

> It is relatively easy to demonstrate the required logical relationship with respect to the first exception articulated in *Teague v. Lane*. Under this exception, "a new rule should be applied retroactively if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.'" When the Court holds as a new rule in a subsequent case that a particular species of primary, private individual conduct is beyond the power of the criminal lawmaking authority to proscribe, it necessarily follows that this Court has "made" that new rule retroactive to cases on collateral review. The Court has done so through its holdings alone, without resort to dicta and without any application of principles by lower courts.

533 U.S. at 668–69 (citations omitted; emphasis in original). For this reason, the Supreme Court's decision in *Atkins* barring the execution of the mentally retarded has been given retroactive effect, *see, e.g.*, *Bell v. Cockrell*, 310 F.3d 330, 332 (5th Cir. 2002), as has the Court's decision in *Roper v. Simmons*, 543 U.S. 551, 568 (2005), barring the execution of juvenile offenders, *see Arroyo v. Dretke*, 362 F. Supp. 2d 859, 883 (W.D. Tex. 2005), *aff'd on other grounds sub nom. Arroyo v. Quarterman*, 222 F. App'x 425 (5th Cir. 2007) (unpublished)(per curiam). *Atkins* and *Roper* both "prohibit[] a certain category of punishment for a [certain] class of defendants because of their status or offense," *Penry*, 492 U.S. at 330; so too does *Graham*, which bars the imposition of a sentence of life imprisonment without parole on a juvenile offender. By the combined effect of the holding of *Graham* itself and the first *Teague* exception, *Graham* was therefore made retroactive on collateral review by the Supreme Court as a matter of logical necessity under *Tyler*.

Sparks's motion to this court thus makes a sufficient prima facie showing that he might be entitled to relief under *Graham*—a new and retroactive rule of constitutional law—and therefore his successive motion for relief under § 2255 is permitted.[3] We hereby GRANT the motion for an order authorizing Sparks to file his second § 2255 motion with the United States District Court for the Western District of Texas; IT IS SO ORDERED.

We DENY WITHOUT PREJUDICE Sparks's motion for appointment of counsel inasmuch as the limited proceedings before this court have now concluded; Sparks may reurge this motion before the district court.

---

[3] We once again reiterate that our inquiry is limited to whether Sparks's "motion . . . contain[s] . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h)(2). The motion surely contains this nonfrivolous argument. We express no opinion as to the ultimate merits of the motion.