# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10328

In re: DEQUINTAN ARNICK,

United States Court of Appeals
Fifth Circuit

**FILED**

June 17, 2016

Movant

Lyle W. Cayce
Clerk

Motion for an order authorizing
the United States District Court for the
Northern District of Texas, Dallas to consider
a successive 28 U.S.C. § 2255 motion

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Dequintan Arnick, federal prisoner # 39501-177, moves for authorization to file a successive 28 U.S.C. § 2255 motion. He may file a successive motion if he makes a prima facie showing that his motion "contain[s]" either "newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty," or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h); *Reyes-Requena v. United States*, 243 F.3d 893, 897–98 (5th Cir. 2001). Arnick relies on the "new rule" prong of the statute.

---

[*] The opinions in this case have been circulated to all active judges on the court. The following members of the court agree that successive 28 U.S.C. § 2255 motions seeking relief under *Johnson* from the application of U.S.S.G. § 4B1.2(a)(2) should be denied: Judges Davis, Jones, Smith, Clement, Owen, Southwick, Haynes, Higginson, and Costa.

No. 16-10328

Arnick's sentence was based in part on Section 2K2.1(a)(1) of the Sentencing Guidelines, under which one of his prior convictions was deemed a "crime of violence" pursuant to the "residual clause" of Guidelines Section 4B1.2(a)(2), which defines a "crime of violence" for purposes of Section 2K2.1(a)(1). *United States v. Arnick*, 418 F. App'x 334, 334 (5th Cir. 2011); *see* § 2K2.1 cmt. n.1. The Supreme Court has held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2555–57, 2563 (2015). Arnick seeks application of *Johnson* to the identically worded residual clause of Section 4B1.2(a)(2).

*Johnson* announced a new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016). However, *Johnson* did not address Section 4B1.2(a)(2) of the Guidelines. *See Johnson*, 135 S. Ct. at 2555–57. Nor has the Supreme Court held that a Guidelines enhancement that increases the Guidelines range implicates the same due process concerns as a statute that increases a statutory penalty. *See United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990); *see also United States v. Wilson*, 622 F. App'x 393, 405 n.51 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 992 (2016).

We note that even in direct appeals, rather than collateral review as presented here, federal courts of appeals disagree on whether *Johnson* applies to the Guidelines, demonstrating that the Supreme Court has not decided the question. *Compare Ramirez v. United States*, 799 F.3d 845, 856 (7th Cir. 2015), *and United States v. Maldonado*, 2016 WL 229833, at *3 (2d Cir. Jan. 20, 2016), *and United States v. Goodwin*, 2015 WL 5167789, at *3 (10th Cir. Sept. 4, 2015) (applying *Johnson* to Section 4B1.2(a)(2)), *with United States v. Matchett*, 802 F.3d 1185, 1194–95 (11th Cir. 2015) (Guidelines provisions are not subject to

void-for-vagueness challenges). Further, even if *Johnson* does implicate Section 4B1.2(a)(2), the Supreme Court has not addressed whether this arguably new rule of criminal procedure applies retroactively to cases on collateral review. Arnick has therefore not shown that he is entitled to authorization to proceed based on *Johnson*.

IT IS ORDERED that Arnick's motion for authorization is DENIED. The Office of the Federal Public Defender's motion on Arnick's behalf for the appointment of a Federal Public Defender is also DENIED.

No. 16-10328

JENNIFER WALKER ELROD, Circuit Judge, dissenting.[1]

Dequintan Arnick seeks our permission to file a successive motion under 28 U.S.C. § 2255(h), in which he would argue that his sentence must be vacated in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held that the Armed Career Criminal Act's (ACCA) residual clause is unconstitutionally vague, and Arnick would ask the district court to extend *Johnson*'s holding to the identically worded provision of the Sentencing Guidelines that was used to determine his sentence. *See* U.S. Sentencing Guidelines Manual § 4B1.2(a)(2) (U.S. Sentencing Comm'n 2010). Because I would authorize this successive § 2255 motion to proceed, I respectfully dissent.

Congress has tasked us with screening successive § 2255 petitions before they can be filed in the district court, but our review in this posture is modest: we ask only whether "the application makes a prima facie showing" "that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A), (b)(3)(C); *see also id.* § 2255(h)(2).[2] The rule announced in *Johnson* is uncontrovertibly "a new rule of constitutional law, made

---

[1] The opinions in this case have been circulated to all active judges on the court. The following members of the court believe that successive 28 U.S.C. § 2255 motions seeking relief under *Johnson* from the application of U.S.S.G. § 4B1.2(a)(2) should be authorized: Chief Judge Stewart and Judges Jolly, Dennis, Prado, Elrod, and Graves.

[2] We have held that § 2255(h) incorporates § 2244's standards and procedures for filing successive habeas petitions. *Reyes-Requena v. United States*, 243 F.3d 893, 897–99 (5th Cir. 2001). With regard to motions based on new rules, § 2255(h)(2) and § 2244(b)(2)(A) contain a minor linguistic difference: § 2255(h)(2) requires that the movant show that his motion "contain[s]" the qualifying new rule, whereas § 2244(b)(2)(A) requires that the movant show that his claim "relies on" the new rule. Nevertheless, the two provisions codify "identical" legal standards, *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005), and we have used language in the two provisions interchangeably, including evaluating successive § 2255 motions using the "relies on a new rule" formulation from § 2244(b)(2)(A), *e.g.*, *In re Williams*, 806 F.3d 322, 324 (5th Cir. 2015); *In re Jackson*, 776 F.3d 292, 293 (5th Cir. 2015).

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). Accordingly, Arnick's statutory burden reduces to only this: he must "make[] a prima facie showing" that his claim "relies on" the rule announced in *Johnson*.

Arnick has met that burden. Arnick's claim "relies on" *Johnson*, even if he would need an extension of *Johnson* to get relief. The statute requires that we ask whether the qualifying new rule substantiates the movant's claim—not whether it conclusively decides his claim. In *In re Sparks*, for example, a successive § 2255 movant invoked the Supreme Court's decision in *Graham v. Florida*, 560 U.S. 48 (2010), even though *Graham* addressed only juvenile non-homicide offenders, and the movant had been convicted of "aiding and abetting a carjacking resulting in death." 657 F.3d 258, 260 (5th Cir. 2011). We allowed Sparks's motion to proceed, reasoning that "he *might* be entitled to relief under *Graham*." *Sparks*, 657 F.3d at 262 (emphasis added). "We express[ed] no opinion as to the ultimate merits of the motion," content that "[t]he motion surely contain[ed][3] this nonfrivolous argument" based on *Graham*. *Id.* at 262 n.3. A successive § 2255 movant who seeks a non-frivolous extension of a qualifying new rule "relies on" that new rule and should easily clear the modest screening process prescribed for our court.

Three of our sister circuits have published decisions considering whether to authorize successive § 2255 motions that seek non-foreclosed extensions of *Johnson*, and all three have authorized the motions to proceed. *See In re Hubbard*, No. 15-276, 2016 WL 3181417, at *4 (4th Cir. June 8, 2016) (authorizing successive § 2255 challenge to 18 U.S.C. § 16(b), as incorporated

---

[3] *Sparks*'s focus on whether the motion "contained" the *Graham* argument was in reference to the language of § 2255(h)(2). 657 F.3d at 262 n.3; *see supra* note 2.

into the Sentencing Guidelines, "because it is for the district court to determine whether the new rule [announced in *Johnson*] extends to the movant's case, not for this court in this proceeding"); *In re Pinder*, No. 16-12084-J, 2016 WL 3081954, at *2 (11th Cir. June 1, 2016) (authorizing successive § 2255 challenge to 18 U.S.C. § 924(c)(3)(B) because "the law is unsettled on whether the rule announced in *Johnson* invalidates [the movant's] sentence"); *In re Encinias*, No. 16-8038, 2016 WL 1719323, at *1–2 & n.2 (10th Cir. Apr. 29, 2016) (holding that challenge to U.S.S.G. § 4B1.2(a)(2) was "sufficiently based on *Johnson* to permit authorization under § 2255(h)(2)").

In reaching the contrary conclusion, the majority opinion hinges on two inapposite propositions: (1) the Supreme Court has not decided whether the rule of *Johnson* applies to section 4B1.2(a)(2) of the Guidelines; and (2) even if *Johnson* did hold by implication that section 4B1.2(a)(2) is unconstitutionally vague, the Supreme Court has not made that rule retroactive to cases on collateral review. These points miss the mark because the statute does not require that the movant's *winning* rule—*i.e.* "section 4B1.2(a)(2) of the Guidelines is impermissibly vague"—must be "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." It requires only that the movant rely on such a rule, and the rule of *Johnson* fits the bill.

The standard applied by the majority opinion is inconsistent with our cases evaluating successive § 2254 and § 2255 motions that invoke *multiple* Supreme Court cases in support of a single claim. In those circumstances, we have inquired separately whether each invoked case announced a new constitutional rule that the Supreme Court had made retroactive. *See In re Jackson*, 776 F.3d 292, 294–96 (5th Cir. 2015); *In re Elwood*, 408 F.3d 211, 212–13 (5th Cir. 2005). That inquiry makes perfect sense where the movant's

claim plausibly relies on any one of the invoked cases. *See Jackson*, 776 F.3d at 293 (listing four cases that the movant "relies on"). But our inquiry was completely extraneous if we could have asked whether the movant's *winning* rule had been made retroactive by the Supreme Court, as the majority opinion does here.

Importantly, § 2255 does not require that we decide whether the movant's requested extension of the new rule is meritorious, so long as it is not foreclosed by our precedent or otherwise frivolous. Congress has instructed us to determine only whether the statutory prerequisites to filing a successive § 2255 motion are met as a "prima facie" matter. § 2244(b)(3)(C). Once we have so determined, the district court reviews the requirements anew before reaching the merits of the movant's claims, § 2244(b)(4), and is free to depart from our prima facie determination. *Brown v. Lensing*, 171 F.3d 1031, 1032 & nn.8–9 (5th Cir. 1999). We have consequently described our review in this posture as "tentative" and "not dispositive" of whether the statutory requirements are met. *Id.* at 1032 & n.8. Our review is *a fortiori* not dispositive of whether the invoked new rule should ultimately be extended in the way that the movant proposes. *Sparks*, 657 F.3d at 262 n.3; *Hubbard*, 2016 WL 3181417, at *4. We ask only whether the movant relies on the new rule— not whether his reliance is misplaced.

Certainly a movant cannot invoke a new rule by reading it so expansively as to contradict binding precedents. *See In re Kunkle*, 398 F.3d 683, 685 (5th Cir. 2005). The movant's requested extension also cannot be so facially implausible that he is not really "relying" on the new rule at all. *See In re White*, 602 F. App'x 954, 957–58 (5th Cir. 2015) (holding that movant could not invoke Eighth Amendment cases in support of a Sixth Amendment claim). But where the movant seeks a *non-frivolous* extension of a new rule of

No. 16-10328

constitutional law that the Supreme Court has made retroactive, our review should be complete.

Before the full court voted on the issue, various panels had resolved at least sixteen requests to file successive § 2255 motions seeking to challenge section 4B1.2(a)(2) in light of *Johnson*, granting six and denying ten. *See In re Pickett*, No. 16-10577, slip op. at 6 & nn.4–5 (5th Cir. June 8, 2016) (Elrod, J., dissenting) (collecting cases). The extent of our internal disagreement alone should satisfy us that Arnick has made "a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Reyes-Requena v. United States*, 243 F.3d 893, 899 (5th Cir. 2001) (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997)). Because Arnick seeks a non-frivolous extension of *Johnson*, I would let him make his case to the district court. I therefore respectfully dissent.