*788 PER CURIAM: *
Dequintan Arnick, federal prisoner # 39501-177, moves for authorization to file a successive 28 U.S.C. § 2255 motion. He may file a successive motion if he makes a prima facie showing that his motion “contain[s]” either “newly discovered evidence that ... would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty,” or “a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.” § 2255(h); Reyes-Requena v. United States, 243 F.3d 893, 897-98 (5th Cir. 2001). Arnick relies on the “new rule” prong of the statute.
Arnick’s sentence was based in part on Section 2K2.1(a)(1) of the Sentencing Guidelines, under which one of his prior convictions was deemed a “crime of violence” pursuant to the “residual clause” of Guidelines Section 4B1.2(a)(2), which defines a “crime of violence” for purposes of Section 2K2.1(a)(1). United States v. Arnick, 418 Fed.Appx. 334, 334 (5th Cir. 2011); see § 2K2.1 cmt. n.1. The Supreme Court has held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. Johnson v. United States, — U.S. —, 135 S.Ct. 2551, 2555-57, 2563, 192 L.Ed.2d 569 (2015). Arnick seeks application of Johnson to the identically worded residual clause of Section 4B1.2(a)(2).
Johnson announced a new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review. Welch v. United States, — U.S. —, 136 S.Ct. 1257, 1264-65, 194 L.Ed.2d 387 (2016). However, Johnson did not address Section 4B1.2(a)(2) of the Guidelines. See Johnson, 135 S.Ct. at 2555-57. Nor has the Supreme Court held that a Guidelines enhancement that increases the Guidelines range implicates the same due process concerns as a statute that increases a statutory penalty. See United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990); see also United States v. Wilson, 622 Fed.Appx. 393, 405 n. 51 (5th Cir. 2015), cert. denied, —— U.S. ——, 136 S.Ct. 992, 194 L.Ed.2d 13 (2016).
We note that even in direct appeals, rather than collateral review as presented here, federal courts of appeals disagree on whether Johnson applies to the Guidelines, demonstrating that the Supreme Court has not decided the question. Compare Ramirez v. United States, 799 F.3d 845, 856 (7th Cir. 2015), and United States v. Maldonado, 636 Fed.Appx. 807, 810-11, 2016 WL 229833, at *3 (2d Cir. Jan. 20, 2016), and United States v. Goodwin, 625 Fed.Appx. 840, 843-44 (10th Cir. 2015) (applying Johnson to Section 4B1.2(a)(2)), with United States v. Matchett, 802 F.3d 1185, 1194-95 (11th Cir. 2015) (Guidelines provisions are not subject to void-for-vagueness challenges). Further, even if Johnson does implicate Section 4B1.2(a)(2), the Supreme Court has not addressed whether this arguably new rule of criminal procedure applies retroactively to cases on collateral review. Arnick has therefore not shown that he is entitled to authorization to proceed based on Johnson.
IT IS ORDERED that Arnick’s motion for authorization is DENIED. The Office of the Federal Public Defender’s motion on Arnick’s behalf for the appointment of a Federal Public Defender is also DENIED.

 The opinions in this case have been circulated to all active judges on the court. The following members of the court agree that successive 28 U.S.C. § 2255 motions seeking relief under Johnson from the application of U.S.S.G. § 4B 1.2(a)(2) should be denied: Judges Davis, Jones, Smith, Clement, Owen, Southwick, Haynes, Higginson, and Costa.