*789 JENNIFER WALKER ELROD, Circuit Judge,
dissenting.[1]
Dequintan Arnick seeks our permission to file a successive motion under 28 U.S.C. § 2255(h), in which he would argue that his sentence must be vacated in light of the Supreme Court’s decision in Johnson v. United States, — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Johnson held that the Armed Career Criminal Act’s (ACCA) residual clause is unconstitutionally vague, and Arnick would ask the district court to extend Johnson’s holding to the identically worded provision of the Sentencing Guidelines that was used to determine his sentence. See U.S. Sentencing Guidelines Manual § 4B1.2(a)(2) (U.S. Sentencing Comm’n 2010). Because I would authorize this successive § 2255 motion to proceed, I respectfully dissent.
Congress has tasked us with screening successive § 2255 petitions before they can be filed in the district court, but our review in this posture is modest: we ask only whether “the application makes a prima facie showing” “that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.” 28 U.S.C. § 2244(b)(2)(A), (b)(3)(C); see also id. § 2255(h)(2).[2] The rule announced in Johnson is uncontro-vertibly “a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.” See Welch v. United States, —— U.S. ——, 136 S.Ct. 1257, 1268, 194 L.Ed.2d 387 (2016). Accordingly, Ar-nick’s statutory burden reduces to only this: he must “make[ ] a prima facie showing” that his claim “relies on” the rule announced in Johnson.
Arnick has met that burden. Arniek’s claim “relies on” Johnson, even if he would need an extension of Johnson to get relief. The statute requires that we ask whether the qualifying new rule substantiates the movant’s claim — not whether it conclusively decides his claim. In In re Sparks, for example, a successive § 2255 movant invoked the Supreme Court’s decision in Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), even though Graham addressed only juvenile non-homicide offenders, and the movant had been convicted of “aiding and abetting a carjacking resulting in death.” 657 F.3d 258, 260 (5th Cir. 2011). We allowed Sparks’s motion to proceed, reasoning that “he-might be entitled to relief under Graham.” Sparks, 657 F.3d at 262 (emphasis added). “We expressed] no opinion as to the ultimate merits of the motion,” content that “[t]he motion surely contained][3] this non- *790 frivolous argument” based on Graham. Id. at 262 n. 3. A successive § 2255 movant who seeks a non-frivolous extension of a qualifying new rule “relies on” that new rule and should easily clear the modest screening process prescribed for our court.
Three of our sister circuits have published decisions considering whether to authorize successive § 2255 motions that seek non-foreclosed extensions of Johnson, and all three have authorized the motions to proceed. See In re Hubbard, No. 15-276, 825 F.3d 225, 231, 2016 WL 3181417, at *4 (4th Cir. June 8, 2016) (authorizing successive § 2255 challenge to 18 U.S.C. § 16(b), as incorporated into the Sentencing Guidelines, “because it is for the district court to determine whether the new rule [announced in Johnson] extends to the movant’s case, not for this court in this proceeding”); In re Pinder, No. 16-12084-J, 824 F.3d 977, 979, 2016 WL 3081954, at *2 (11th Cir. June 1, 2016) (authorizing successive § 2255 challenge to 18 U.S.C. § 924(c)(3)(B) because “the law is unsettled on whether the rule announced in Johnson invalidates [the movant’s] sentence”); In re Encimas, No. 16-8038, 821 F.3d 1224, 1226, 2016 WL 1719323, at *2 (10th Cir. Apr. 29, 2016) (holding that challenge to U.S.S.G. § 4B1.2(a)(2) was “sufficiently based on Johnson to permit authorization under § 2255(h)(2)”).
In reaching the contrary conclusion, the majority opinion hinges on two inapposite propositions: (1) the Supreme Court has not decided whether the rule of Johnson applies to section 4B1.2(a)(2) of the Guidelines; and (2) even if Johnson did hold by implication that section 4B 1.2(a)(2) is unconstitutionally vague, the Supreme Court has not made that rule retroactive to cases on collateral review. These points miss the mark because the statute does not require that the movant’s winning rule — ie. “section 4B1.2(a)(2) of the Guidelines is imper-missibly vague” — must be “a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.” It requires only that the movant rely on such a rule, and the rule of Johnson fits the bill.
The standard applied by the majority opinion is inconsistent with our cases evaluating successive § 2254 and § 2255 motions that invoke multiple Supreme Court cases in support of a single claim. In those circumstances, we have inquired separately whether each invoked case announced a new constitutional rule that the Supreme Court had made retroactive. See In re Jackson, 776 F.3d 292, 294-96 (5th Cir. 2015); In re Elwood, 408 F.3d 211, 212-13 (5th Cir. 2005). That inquiry makes perfect sense where the movant’s claim plausibly relies on any one of the invoked cases. See Jackson, 776 F.3d at 293 (listing four cases that the movant “relies on”). But our inquiry was completely extraneous if we could have asked whether the movant’s winning rule had been made retroactive by the Supreme Court, as the majority opinion does here.
Importantly, § 2255 does not require that we decide whether the movant’s requested extension of the new rule is meritorious, so long as it is not foreclosed by our precedent or otherwise frivolous. Congress has instructed us to determine only whether the statutory prerequisites to filing a successive § 2255 motion are met as a “prima facie” matter. § 2244(b)(3)(C). Once we have so determined, the district court reviews the requirements anew before reaching the merits of the movant’s claims, § 2244(b)(4), and is free to depart from our prima facie determination. Brown v. Lensing, 171 F.3d 1031, 1032 & nn. 8-9 *791 (5th Cir. 1999). We have consequently described our review in this posture as “tentative” and “not dispositive” of whether the statutory requirements are met. Id. at 1032 & n. 8. Our review is a fortiori not dispositive of whether the invoked new rule should ultimately be extended in the way that the movant proposes. Sparks, 657 F.3d at 262 n. 3; Hubbard, 825 F.3d at 231-32, 2016 WL 3181417, at *4. We ask only whether the movant relies on the new rule — not whether his reliance is misplaced.
Certainly a movant cannot invoke a new rule by reading it so expansively as to contradict binding precedents. See In re Kunkle, 398 F.3d 683, 685 (5th Cir. 2005). The movant’s requested extension also cannot be so facially implausible that he is not really “relying” on the new rule at all. See In re White, 602 Fed.Appx. 954, 957-58 (5th Cir. 2015) (holding that movant could not invoke Eighth Amendment cases in support of a Sixth Amendment claim). But where the movant seeks a non-frivolous extension of a new rule of constitutional law that the Supreme Court has made retroactive, our review should be complete.
Before the full court voted on the issue, various panels had resolved at least sixteen requests to file successive § 2255 motions seeking to challenge section 4B1.2(a)(2) in light of Johnson, granting six and denying ten. See In re Pickett, No. 16-10577, slip op. at 6 & nn. 4-5 (5th Cir. June 8, 2016) (Elrod, J., dissenting) (collecting cases). The extent of our internal disagreement alone should satisfy us that Arnick has made “a sufficient showing of possible merit to warrant a fuller exploration by the district court.” Reyes-Requena v. United States, 243 F.3d 893, 899 (5th Cir. 2001) (quoting Bennett v. United States, 119 F.3d 468, 469 (7th Cir. 1997)). Because Arnick seeks a non-frivolous extension of Johnson, I would let him make his case to the district court. I therefore respectfully dissent.

. The opinions in this case have been circulated to all active judges on the court. The following members of the court believe that successive 28 U.S.C. § 2255 motions seeking relief under Johnson from the application of U.S.S.G. § 4B 1.2(a)(2) should be authorized: Chief Judge Stewart and Judges Jolly, Dennis, Prado, Elrod, and Graves.

. We have held that § 2255(h) incorporates § 2244’s standards and procedures for filing successive habeas petitions. Reyes-Requena v. United States, 243 F.3d 893, 897-99 (5th Cir. 2001). With regard to motions based on new rules, § 2255(h)(2) and § 2244(b)(2)(A) contain a minor linguistic difference: § 2255(h)(2) requires that the movant show that his motion “contain[s]” the qualifying new rule, whereas § 2244(b)(2)(A) requires that the movant show that his claim "relies on” the new rule. Nevertheless, the two provisions codify "identical” legal standards, In re Elwood, 408 F.3d 211, 213 (5th Cir. 2005), and we have used language in the two provisions interchangeably, including evaluating successive § 2255 motions using the "relies on a new rule” formulation from § 2244(b)(2)(A), e.g., In re Williams, 806 F.3d 322, 324 (5th Cir. 2015); In re Jackson, 776 F.3d 292, 293 (5th Cir. 2015).

. Sparks’s focus on whether the motion "contained” the Graham argument was in refer *790 ence to the language of § 2255(h)(2). 657 F.3d at 262 n. 3; see supra.