REVISED July 28, 2016

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 14-51250
Summary Calendar

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

QUENTIN LAVELLE JEFFRIES,

Defendant-Appellant

————————

Appeal from the United States District Court
for the Western District of Texas

————————

## ON PETITION FOR PANEL REHEARING

(Opinion May 13, 2016, 5 Cir., _____, _____ F.3d _____)

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:

Treating the petition for rehearing en banc as a petition for panel rehearing, we DENY the petition for panel rehearing and note the following:

1. Since the filing of Jeffries' petition for rehearing en banc, our court has ruled that the Supreme Court has not applied *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015) to the career offender sentencing guidelines definition in United States Sentencing

Guideline § 4B1.2(a)(2). *In re Arnick*, 2016 U.S. App. LEXIS 11030 *2 (5th Cir. Jun. 17, 2016).

2. Even assuming arguendo that *Johnson* does apply to the residual clause of USSG § 4B1.2(a)(2), nowhere in his belated briefing to our court last year, his petition for certiorari to the Supreme Court, or his petition for rehearing, has Jeffries demonstrated that he was sentenced under the residual clause. It is certainly not "clear" or "obvious" under plain error review that his conviction under Texas Penal Code § 22.02 for the crime of aggravated assault with a deadly weapon causing physical injury to which he pleaded guilty is not a "use of force" conviction under 4B1.2(a)(1) or an enumerated offense under Application Note 1 to § 4B1.2(a). *See United States v. Guzman*, 797 F.3d 346 (5th Cir. 2015); *cf. Beckles v. United States*, No. 15-8544, 2016 U.S. LEXIS 4142 (U.S. Jun. 27, 2016)(granting certiorari on a case involving whether a sawed-off shotgun is a crime of violence under § 4B1.2(a)); *United States v. Soto-Rivera*, 811 F.3d 53 (1st Cir. 2016)(addressing crime of felon in possession of a firearm under § 4B1.2(a)(2) and application notes); *United States v. Lipscomb*, 619 F.3d 474 (5th Cir. 2010)(plurality opinion addressing whether crime of possession of a sawed-off shotgun was a crime of violence). The Supreme Court did not strike down the "use of force" prong in *Johnson* and, indeed, since that time has applied a similar "use of force" prong in a case of a reckless assault. *Voisine v. Armstrong*, 195 L. Ed. 2d 736 (2016)("use of force" under 18 U.S.C. § 921(a)(33)(A) includes reckless assault).